HOFMANN & SCHWEITZER
Attorneys for Claimant
212 West 35th Street, 12th Fl.
New York, NY 10001
Tel: 212-465-8840

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In the Matter of the Complaint
of
ENERGETIC TANK, INC., as Owner
of the MN ALNIC MC, for Exoneration from or
Limitation of Liability
-----------------------------------------------------------------x

Docket No. 1:18cv1359

Jury Trial Demanded

## CLAIMANT RODRIGO OWEN TINOQUIAO ANSWER AND CLAIM

CLAIMANT RODRIGO OWEN TIONQUIAO, by undersigned counsel, does hereby answer the Petition of Energetic Tank, Inc., as owner of the MN ALNIC MC, and does further state his claim in these proceedings, as follows:

1. Claimant, Rodrigo Owen Tionquiao, admits that Plaintiff has filed this action under the Court's admiralty and maritime jurisdiction, and designated the action as an admiralty and maritime claim within the meaning of Fed.R.Civ.P. 9(h). Plaintiff's Complaint for limitation should be dismissed and Claimant's claims be heard by a jury under this Court's Diversity Jurisdiction, 28 U.S.C. §1332.

2. Admitted.

3. Claimant denies knowledge or information sufficient to admit or deny the allegations, thus, the allegations are denied.

4. Admitted.

5. Admitted.

6. Claimant denies knowledge or information sufficient to admit or deny the allegations, thus,

the allegations are denied.

7. Claimant denies knowledge or information sufficient to admit or deny the allegations, thus, the allegations are denied.

8. Claimant denies knowledge or information sufficient to admit or deny the allegations, thus, the allegations are denied.

9. Claimant denies knowledge or information sufficient to admit or deny the allegations, thus, the allegations are denied, except that it is specifically denied that McCAIN's actions were unannounced, unexpected and were the sole cause of the collision, and further, it is believed that the USS McCAIN ("McCAIN") was showing the lights for a vessel not under command which required the MV ALNIC ("ALNIC") to steer clear of the McCAIN.

10. Admitted.

11. Admit that on October 23, 2017, the U.S. Navy issued its report on the collision between the McCAIN and the ALNIC. All other allegations contained in paragraph 11 are denied as claimant denies knowledge or information sufficient to admit or deny the allegations therein.

12. Claimant denies knowledge or information sufficient to admit or deny the allegations, thus, the allegations are denied.

13. Claimant denies knowledge or information sufficient to admit or deny the allegations, thus, the allegations are denied.

14. Denied.

15. Denied.

16. Claimant denies knowledge or information sufficient to admit or deny the allegations, thus, the allegations are denied, except it is admitted that the claims against ALNIC will exceed the

value of the vessel and pending freight post collision.

17. Admitted.

18. Claimant denies knowledge or information sufficient to admit or deny the allegations, thus, the allegations are denied.

19. Plaintiff does make the claims asserted in the paragraph denominated as #19 of its complaint, but it is denied that plaintiff is entitled to the relief sought.

20. Plaintiff does make the claims asserted in the paragraph denominated as #19 of its complaint, but it is denied that plaintiff is entitled to the relief sought.

## AFFIRMATIVE DEFENSES

21. At the commencement of the voyage, Plaintiff's vessel, the ALNIC was not seaworthy, not properly manned, equipped, nor operated in a competent manner.

22. Claimant suffers from post-traumatic stress disorder ("PTSD") as well as some anxiety and depression due to negligence and recklessness of the operators of the ALNIC and the unseaworthiness of the vessel, which were within the privity and knowledge of the Plaintiff prior to the start of the voyage.

23. The captain and crew of the ALNIC were insufficient in number, were improperly trained and supervised, and the Plaintiff did not have adequate procedures in place to make sure that there was a proper lookout and that the watch officer was properly trained and versed in the International Nautical Rules of the Road.

24. The ALNIC was unseaworthy and not reasonably suited for her intended purpose, because she did not have proper procedures for standing watch in heavily trafficked areas, a proper lookout was not posted, she did not have procedures to communicate with other vessels, she did not

have sound required danger signals and in that she did not take adequate action to avoid a collision with a vessel showing the lights of a vessel not under command.

25. The plaintiff/petitioner/operator of the Alnic was negligent, careless and/or reckless in the management, operation, control of the Alnic in that they:

　　1. Failed to have proper procedures and training in place;

　　2. Failed to keep a proper lookout.

　　3. Had an inadequate number of properly trained crew on the bridge under the prevailing conditions;

　　4. Failed to identify a vessel not under command;

　　5. Failed to communicate with a vessel not under command and/or in a crossing situation;

　　6. Failed to sound danger signals, warnings or other emergency warnings;

　　7. Failed to take adequate and early action to avoid another vessel in a crossing situation or a vessel not under command;

　　8. Failed to abide by the International Nautical Rules of the Road;

　　9. And for such further failings as the evidence will show after discovery has been taken.

26. As a result of the above stated actions, inactions or omissions constituting negligence, fault, recklessness, and vessel unseaworthiness, all of which were within the privity and knowledge of the Plaintiff prior to commencement of the voyage, the ALNIC collided with the McCAIN, causing claimant to suffer psychological injuries, including but not limited to post-traumatic stress disorder ("PTSD") as well as anxiety and depression and various physical injuries.

27. At all times relevant, Chapter IX of the International Convention for the Safety of Life at Sea

(SOLAS), 1974, International Management Code for the Safe Operation of Ships and for Pollution Prevention (International Safety Management Code), hereinafter "ISM Code", required the ALNIC to have a "Safety Management Certificate" an approved "Safety Management System" and to adhere to the principles and objectives of the ISM Code.

28. Prior to commencement of the voyage Plaintiff negligently failed to follow, comply or adhere to the directives and/or objectives of the ISM Code in regard to the above including but not limited to officer and crew training, collision avoidance and risk analysis to prevent collisions at sea.

29. The acts, omissions and conditions constituted violations of the ISM Code and rendered the ALNIC unseaworthy.

30. Plaintiff's interim stipulation of value of the ALNIC and pending freight following the collision is inadequate. Therefore, limitation proceedings should be dismissed.

WHEREFORE, Claimant prays that Plaintiff be denied exoneration from or limitation of liability, and that the limitation/exoneration action be dismissed; that Claimant be allowed to bring his claims against the Plaintiff under Diversity of Citizenship with a jury, and that judgment be entered on behalf of Claimants, together with fees costs, pre and post judgment interest.

## CLAIMS IN LIMITATION

NOW INTO COURT, through undersigned counsel, comes Claimant Rodrigo Tionquiao to claim damages from Plaintiff, and seek trial by jury on all counts.

1. Claimant realleges the allegations contained in the above stated Answer and Affirmative Defenses to the Complaint in Limitation, as if fully stated herein.

2. The jurisdiction of this Court over this claim arises under and by virtue of the General Admiralty and Maritime Law, and through and by 28 U.S.C. 1332, this being a claim in excess of $75,000, exclusive of costs and interest.

3. At all relevant times Claimant was a sailor in the United States Navy deployed aboard the McCAIN.

4. At about 0520 on August 21, 2017 claimant was aboard the McCAIN when the ALNIC and McCAIN came into collision.

5. The collision resulted from the negligence and unseaworthiness of the ALNIC.

6. The ALNIC was negligent in failing to maintain a lookout, in failing to communicate with the McCAIN, in failing to sound the danger signal, in failing to stay out of the way of the McCAIN which was showing lights as being not under command, in failing to have adequate number of properly trained crew on watch, and as further set forth in claimant's Affirmative Defenses to the Complaint for Limitation of Liability.

7. As a result of plaintiff's acts, omissions, failings and faults as aforesaid, claimant suffers from post-traumatic stress disorder ("PTSD") anxiety, depression and various physical injuries.

8. Claimants prays that his Answer and Claim be deemed sufficient and that Plaintiff be denied the right to limit/or exonerate its liability in this matter, and that Claimant's claims be heard

before a jury, be resolved in his favor and that a judgment in his favor be entered on all claims, in an amount to be proven at trial and to be found reasonable by the court and jury, together with costs, pre-judgment and post judgment interest, fees and expenses.

9. The post-traumatic stress disorder ("PTSD"), anxiety and depression claimant suffers from were not caused or contributed to by any fault or negligence on the part of claimant, but were caused by reason of the negligence, recklessness, and carelessness of the plaintiff, its officers, servants, agents, and employees, and/or other persons for whom plaintiff was responsible, and the unseaworthiness of the vessel, referred to above, in that inter alia:

A. The conduct of the vessel was such that it was operated, controlled, managed and maintained in a careless, negligent and reckless manner;

B. The vessel was not safe, staunch, properly manned, equipped, supplied or seaworthy;

C. Plaintiff failed to maintain the said vessel and its equipment and appliances, in a safe and seaworthy condition;

D. The vessel was not reasonably safe or suitable to perform the intended voyage;

E. The vessel was permitted and allowed to go upon the waters in an unsafe and unseaworthy condition and said conditions of said vessel and any and all damages and injuries were done, occasioned and incurred with the privity or knowledge of the plaintiff, its officers, agents, servants or employees, at or prior to the commencement of the voyage;

F. Plaintiff, its officers, agents, servants, employees, and/or other persons for whom the plaintiff is responsible, failed to take suitable precautions for the safety of the claimant under the circumstances and conditions then and there existing to the knowledge of the plaintiff, the said plaintiff having actual and constructive notice of the unsafe, dangerous and unseaworthy conditions.

10. Claimant reserves the right to claim against the plaintiff/petitioner and the vessel for such other and further and different faults, negligence, and unseaworthiness as the evidence may disclose.

11. Claimant further alleges that plaintiff breached a nondelegable duty in permitting the vessel to go upon the waters in an unsafe and unseaworthy condition, and that the casualty caused by said vessel and any and all damages and injuries resulting therefrom was done, occasioned, and occurred with the privity or knowledge, at or prior to the commencement of the voyage upon which the vessel was then engaged of her master, its operator(s), superintendent, officers, agents, or other responsible officials.

12. This answer is filed herein pursuant to statues covering limitation of liability proceedings 46 U.S.C. § 30501 et seq. and claimant reserves all rights, including the right to trial by jury pursuant to 28 U.S.C. § 1332, in event the plaintiff is denied exoneration from or limitation or liability herein.

WHEREFORE, claimant having fully answered, prays:

That an order be entered herein that plaintiff is not entitled to exoneration from liability herein;

That an order be entered herein that plaintiff is not entitled to limitation of liability herein;

That an order be entered that the occurrence referred to in the complaint happened with the privity and knowledge of the plaintiff;

That an order be entered that the claimant be permitted to institute and/or prosecute an action with trial by jury to recover damages against the plaintiff for injuries and losses of the claimant;

That if this Court does not allow the claimant the right of a trial by jury to recover the

aforesaid damages, then in such event the claim of the claimant be allowed as requested herein with interest and costs, and that claimant may have such other and further relief as in law and justice he may be entitled to receive.

Dated: New York, New York
       January 11, 2019

HOFMANN & SCHWEITZER

By: _____
Dario Anthony Chinigo
Attorneys for Claimant
212 W. 35st Street, 12th Floor
New York, N.Y. 10001
(212) 465-8840 Fax: 212-465-8849
dariochinigo@hofmannlawfirm.com