UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
In the Matter of the Complaint

of                                                                          1:18-Cv-1359 (PAC) (RWL)

ENERGETIC TANK, INC.,
as Owner of the M/V ALNIC MC,                               **OPINION & ORDER**
for Exoneration from or Limitation of
Liability

-----------------------------------------------------------------X

HONORABLE PAUL A. CROTTY, United States District Judge:

The U.S.S. JOHN S. MCCAIN, a U.S. Navy guided-missile destroyer, collided with the M/V ALNIC, a Liberian-flagged merchant tanker, in the Singapore Strait in the early hours of August 21, 2017. Dkt. 1, at 1–2. Several MCCAIN sailors died and dozens more were injured in the collision. *Id.*, at 2. Some of the injured sailors now move to compel the Petitioners to produce communications between the owners and operators of the ALNIC and the National Transportation Safety Board.[1] Dkt. 212, at 1.

The disputed communications were made in the course of the NTSB Office of Marine Safety's inquiry under its 49 U.S.C. § 1131(b)(1) authority to investigate a maritime accident that involves both a public and a non-public vessel. § 1131(b)(1); Dkt. 224, at 2. The Parties

---

[1] The document demand from the Claimants seeks:

> All letters and other correspondence sent by Energetic Tank Inc., Stealth Maritime Corporation, and each of their counsel, to the National Transportation Safety Board with respect to the NTSB investigation and report into the collision between the John S McCain and the ALNIC. The response shall incorporate and include any documents and attachments submitted to the NTSB.

Dkt. 212, Ex. 1.

submitted supplemental briefing on the dispute and presented their arguments to the Court at a hearing on Nov. 14, 2019. Minute Entry for Nov. 14, 2019; Dkt. 236, at 11–20.

After reviewing the Parties' arguments, the motion for leave to compel production of the Petitioner's communications with the NTSB with respect to its collision investigation is denied.

## DISCUSSION

### 1. Standard

Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Although not unlimited, relevance, for purposes of discovery, is an extremely broad concept." *Condit v. Dunne*, 225 F.R.D. 100, 105 (S.D.N.Y. 2004). "Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). "[T]he moving party must demonstrate that the information sought is discoverable, including, among other things, that it is relevant." *Johnson v. J. Walter Thompson U.S.A., LLC*, 16 Civ. 1805 (JPO)(JCF), 2017 WL 3055098, at *2 (S.D.N.Y. July 18, 2017). "Once relevance has been shown, it is up to the responding party to justify curtailing discovery." *Chen-Oster v. Goldman, Sachs & Co.*, 293 F.R.D. 557, 561 (S.D.N.Y. 2013).

Under 49 U.S.C. § 1114(a)(1), and except as provided in other statutory provisions not relevant here, "a copy of a record, information, or investigation submitted or received by the National Transportation Safety Board, or a member or employee of the Board, shall be made available to the public on identifiable request and at reasonable cost." § 1114(a)(1). In other words, the Board must produce the listed documents when requested to do so. Section 1154(b) states that "[n]o part of a report of the [NTSB], related to an accident or an investigation of an

2

accident, may be admitted into evidence or used in a civil action for damages resulting from a matter mentioned in the report." § 1154(b).

## 2. Application

The Claimants here do not seek the NTSB report; instead, they demand production of the communications that the owner and the operator of the ALNIC sent to the NTSB. Dkt. 224, at 1–2; Dkt. 236, at 12:19–20.

The Parties dispute the applicability of this Court's holding in *In the Matter of Bouchard Transp. Co., Inc.*, No. 14 Civ. 1262 (PAC), 2015 WL 13657786 (S.D.N.Y. Jan. 8, 2015), which addressed the discoverability of documents that were part of a Coast Guard investigation under the protections of 46 U.S.C. § 6308. That statute provides that, "[n]otwithstanding any other provision of law, no part of a report of a marine casualty investigation conducted under Section 6301 of this title, including findings of fact, opinions, recommendations, deliberations, or conclusions, shall be admissible as evidence or subject to discovery in any civil or administrative proceedings, other than an administrative proceeding initiated by the United States." § 6308(a). Courts have taken both broader and narrower readings of this provision and its protections.[2] *Goodwin v. Cockrell*, No. 4:13-CV-199-F, 2014 WL 6630105, at *2–3 (E.D.N.C. Nov. 21, 2014) (collecting cases); Dkt. 236, at 16:8–11.

---

[2] Claimant relies primarily on three cases interpreting § 6308 in the context of Coast Guard communications; those cases do not address § 1114(a)(1) or the NTSB. Dkt. 236, at 12:4–5; Dkt. 224, at 4–7; *see also Holzhauer v. Golden Gate Bridge Highway & Transp. Dist.*, 745 Fed. App'x 265, 267–68 (9th Cir. 2018); *Goodwin*, 2014 WL 6630105, at * 2; *Guest v. Carnival Corp.*, 917 F. Supp. 2d 1242, 1245 (S.D. Fla. 2012). The Claimants' document demand is only for communications with the NTSB. Dkt. 212, Ex. 1.

3

The Court applies the discovery principles expressed in Rule 26(b)(1).[3] Under that Rule, relevance is not solely an evidentiary objection, as Claimant contends; the liberal discovery set out under Rule 26(b) regularly finds its outer limits in disputes over material not "relevant to any party's claim or defense." Dkt. 212, at 1; Fed. R. Civ. P. 26(b)(1); *see Hickman v. Taylor*, 329 U.S. 495, 508 (1947) ("[F]urther limitations come into existence when the inquiry touches upon the irrelevant."); *Huggins v. Chestnut Holdings Inc.*, 18 Civ. 1037 (PAC), 2019 WL 2616252, at *2 (S.D.N.Y. June 25, 2019).

Here, Claimants have not addressed the Petitioner's argument that the material sought is not relevant. *Matter of Bouchard*, 2015 WL 13657786, at *2. Instead, the Claimants here contend their "reputations are to a degree tarnished by the NTSB report," and that "a primary source for the misconception of events is evidence and coaching from Petitioners . . . . [The Claimants], you, the public, Congress and even NTSB are entitled to know the reliability of the underpinnings of the investigation which heaps scorn on the Navy actors." Dkt. 212, at 2. This concern plainly is not "relevant to any party's claim or defense" in this case. Fed. R. Civ. P. 26(b)(1). The Claimants fail to suggest any way in which the communications sought are relevant to fault, liability, damages, or otherwise relevant to any claim or defense. Instead, the Claimant seeks to use to discovery process to correct what it alleges to be a "mistaken public record," and to "help insure that submissions to agencies investigating matters are not biased or misleading." Dkt. 212, at 1; Dkt. 224, at 8. Neither concern is within the Court's consideration

---

[3] The Claimants argue that the Petitioner asserts a "privilege" or "quasi-privilege." Dkt. 212, at 2; Dkt. 224, at 2; Dkt. 236, at 12:21–22. Where a "privilege exists, information may be withheld, even if relevant to the lawsuit and essential to the establishment of plaintiff's claims." *Baldrige v. Shapiro*, 455 U.S. 345, 360 (1982). Petitioner is clear, however, that it resists the document demand on the grounds that the material sought is "not relevant to any claim or defense in this matter within the meaning of Fed. R. Civ. P. 26(b)(1)." Dkt. 212, Ex. 2, at 1. The Court agrees that Petitioner is not asserting a privilege.

in this straightforward discovery dispute governed by Rule 26(b)(1), and neither advances the Claimants' burden of demonstrating relevance. *Johnson*, 2017 WL 3055098, at *2; *Chen-Oster*, 293 F.R.D. at 561. Finally, that the NTSB made certain communications available on its website, Dkt. 224, at 2–3, does not move the needle on the Claimants' burden of relevancy.

The statutory provisions Claimant points to do not nudge the material sought toward discoverability. Dkt. 212, at 3. Section 1114(a)(1) places a burden on the NTSB to make certain material available to the public "on identifiable request and at a reasonable cost." § 1114(a)(1). The Claimants are "not seeking the [NTSB's] documents, but Energetic Tank's and Stealth's documents." Dkt. 224, at 4. The Petitioner is not the NTSB, and so this provision has no force to compel production. The Court finds the objection on relevance grounds is sufficient to deny the Claimants' discovery request. The NTSB report is not admissible under 49 U.S.C. § 1154(b), which supports the Petitioner's position.

This decision does not limit the Claimants' rights to proceed under 49 U.S.C. § 1114(a)(1) to obtain the documents it seeks from the NTSB.

## **CONCLUSION**

The motion to compel filed by the 27 personal injury claimants is denied. The Clerk of the Court is instructed to close the motion at Docket 212.

Dated: New York, New York
November 12, 2019

SO ORDERED

*/s/ Paul A. Crotty*

PAUL A. CROTTY
United States District Judge

5