UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In the Matter of the Complaint

of                                                                    1:18-Cv-1359 (PAC) (RWL)

ENERGETIC TANK, INC.,
as Owner of the M/V ALNIC MC,                              **OPINION & ORDER**
for Exoneration from or Limitation of
Liability

------------------------------------------------------------X

HONORABLE PAUL A. CROTTY, United States District Judge:

This case involves a collision between the U.S.S. JOHN S. MCCAIN, a U.S. Navy Arleigh Burke-class destroyer, and the M/V ALNIC MC, a Liberian-flagged merchant vessel. Dkt. 1, at 2. The Parties include the owners of the ALNIC ("Petitioners"), the U.S. Government, family members of Navy sailors who died in the collision, and more than forty members of the MCCAIN's crew who allege personal injuries. *Id.*; Dkt. 229, at 1.

Subsequent to a conference on September 12, 2019, the Parties submitted a letter outlining their common points of agreement on the structure of trial proceedings in this case. *See* Dkt. 203, at 19; Dkt. 208, at 1. The Parties disagreed on: (1) whether the wrongful death claims should be tried as part of the initial liability and limitation portion of the proceedings ("Phase 1"); (2) whether apportionment of fault should be examined in Phase I; and (3) whether an advisory jury should be used as part of the Phase I proceedings. Dkt. 208, at 1–2. The Court has considered the Parties' submissions and heard argument at a conference on November 14, 2019. Minute Entry for Nov. 14, 2019; Dkt. 236.

The wrongful death claims will not be tried as part of the Phase I proceedings; they will be tried alongside the personal injury claims in Phase II. Apportionment of fault, determining

1

what portion of fault lies with the U.S. and what amount with the ALNIC, will be decided in Phase I, which will be without a jury.

## DISCUSSION

The Parties agree that the personal injury claims should be bifurcated and tried after the liability and limitation of liability issues are resolved. Dkt. 208, at 1. This "Phase I" will determine whether there was negligence by the Petitioner, and, if so, whether it occurred with the Petitioner's privity or knowledge; this structure flows naturally from the limitation of liability provisions of 46 U.S.C. § 30501 *et seq.*, under which this petition is brought. *See The 84-H*, 296 F. 427, 431 (2d Cir. 1923) ("The whole doctrine of limitations of liability presupposes that a liability exists which is to be limited."). While the personal injury claims are to be bifurcated, discovery on these issues will continue concurrently with the Phase I trial. The Parties further agree (for the most part)[1] that the property damages claims should be tried to the Court in Phase I — that is, in the portion assessing liability and limitation of that liability. Dkt. 208, at 1.

### I. Wrongful Death Claims

The wrongful death claimants want their claims adjudicated at the time of trial of liability and limitation of liability. Dkt. 230, at 1; Dkt. 236, at 5:13–7:25. That request is denied. It would make the first phase of trial unwieldy and complex. The liability phase would have to consider the submissions of the different claimants, substantially interfering with an orderly

---

[1] As the Petitioners observe, these claims appear to be a work in progress. "[T]he United States disclosed for the first time in a letter dated October 25, 2019, that in addition to its claim for repair costs to the JOHN S. MCCAIN, which have been stated to be approximately $130 million, they are now also asserting a $70 million claim for 'costs to delay and move USS STETHEM's planned 2017 maintenance availability from Yokosuka to California.'" Dkt. 228, at 3; Dkt. 236, at 10:1–22.

adjudication of the issues presented in Phase I. Accordingly, the wrongful death claims will be tried in Phase II, alongside the personal injury claims.

## II. Apportionment of Fault

The issue of apportionment of fault as between the Petitioner and the United States should be decided in Phase I of the trial; that is, how much the MCCAIN was responsible for the collision, and what percentage the ALNIC was responsible for.

## III. Advisory Jury

The Claimants urge the Court to make a ruling on "[w]hether Claimants are entitled to . . . a jury determination of the issues of apportionment of liability between the United States of America and Petitioner, Energetic Tank, Inc." Dkt. 230, at 1. Phase I of the proceedings will be tried before the Court in admiralty, without a jury. Any further ruling regarding a jury in Phase II would be premature.

## IV. Discovery Schedule for Personal Injury and Property Damage Claims

As addressed at the November 14 conference, the Parties are to meet and confer, and propose a discovery schedule for the personal injury, wrongful death and property damage claims. Dkt. 236, at 10:23–11:4.

Dated: New York, New York
       November 22, 2019

SO ORDERED

/s/ Paul A. Crotty

PAUL A. CROTTY
United States District Judge