## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| | ) |
| IN THE MATTER OF THE COMPLAINT | ) |
| OF ENERGETIC TANK, INC., AS | ) Case No. 1:18cv1359 (PAC) (RWL) |
| OWNER OF THE M/V ALNIC MC, | ) |
| FOR EXONERATION FROM OR | ) |
| LIMITATION OF LIABILITY | ) |
| | ) |

## ARNOLD & ITKIN, LLP CLAIMANTS' MEMORANDUM REGARDING PHASE II OF TRIAL

On June 16, 2022, the Court ordered the Parties to submit briefing on various topics regarding Phase II of trial. *See* Doc. #386. The claimants represented by Arnold & Itkin, LLP ("Claimants")[1] submit the following brief for the Court's consideration.

**A.     Whether Petitioner may seek contribution and/or indemnity from the United States?**

Claimants take no position on this questions as this issue involves a dispute between Petitioner and the United States.

**B.     Which Claimants, if any, have a right to jury trial under applicable federal statutes, and if so, how those trials would proceed?**

Claimants contend that all Claimants have a right to a jury trial. They will address this issue first and then proceed to addressing options for how the damages trials should proceed.

---

[1] These claimants represent nearly all of the claimants who have wrongful death claims and few of the claimants asserting personal injury claims.

> *(1)  The Claimants have a right to a jury trial by virtue of the Seventh Amendment since diversity jurisdiction exists.  This right is "saved" to them in maritime cases by the "Saving to Suitors" clause of 28 U.S.C. § 1333(1).*

It is well-established that maritime plaintiffs have a Seventh Amendment right to a jury trial against *in personam* defendants when diversity jurisdiction exists.  *Atlantic & Gulf Stevedores, Inc. v. Ellerman Line, Limited*, 369 U.S. 355, 359-360 (1962); *See also Luera v. M/V Alberta*¸ 635 F.3d 181, 195 (5th Cir. 2011) (the plaintiff is "endowed with a *constitutionally* guaranteed right to a jury trial" when diversity jurisdiction exists over an *in personam* maritime claim) (emphasis in original).  It is equally well-established that when a court is faced with some claims that provide a right to a jury trial, but other claims that do provide such a right, the Court should resolve this tension by trying the case to a jury.  *Fitzgerald v. U.S. Lines Co*., 374 U.S. 16, 20 (1963) ("we hold that a maintenance and cure claim joined with a Jones Act claim must be submitted to the jury when both arise out of one set of facts.")[2]; *Luera*, 635 F.3d at 196 (holding that *in rem* claims brought solely pursuant to Section 1333 [i.e. admiralty jurisdiction] should be tried to the jury when *in personam* claims that were cognizable under Section 1332 [i.e. diversity jurisdiction] were joined in the same lawsuit).  The leading maritime treatise has reiterated these principles in the context of DOHSA cases:

> [A] plaintiff's jury demand in a DOHSA case will be granted in two instances: (1) where plaintiff asserts a claim in addition to DOHSA that carries a right to a jury trial; and (2) **where an independent basis for federal jurisdiction exists apart from admiralty, such as diversity jurisdiction**.

Thomas J. Schoenbaum, 1 ADMIRALTY & MARITIME LAW § 8:2 at n. 21. The Death on the High Seas Act, (6th ed.) (emphasis added)).

---

[2] "Maintenance and cure" claims are pure admiralty claims that do not provide a right to a jury trial.  *Fitzgerald*, 374 U.S. at 17.  Jones Act claims, however, do provide a right to a jury trial.  46 U.S.C. § 30104.  *Fitzgerald* resolved the issue of how to proceed when the two causes of action are brought concurrently in the same lawsuit.

Here, it is undisputed that the Parties are completely diverse and more than $75,000 is in controversy.  Consequently, diversity jurisdiction exists.  28 U.S.C. § 1332(a).[3]  As a result, despite the maritime flavor of this case, the Claimants have a Seventh Amendment right to a jury trial.[4]  *Atlantic & Gulf Stevedores, Inc.*, 369 U.S. 359-360 (1962); *See also Fitzgerald*, 374 U.S. at 20; *Luera*¸ 635 F.3d at 195.

The Second Circuit has recognized this principle for decades: "It has been held that where both a claim in law and a defense in admiralty [i.e. Limitation of Liability] are asserted, the rights of the parties may be determined by the jury except for the right to the defense in admiralty which must be determined by the court in admiralty."  *Terracciano v. McAlinden Cons. Co.*, 485 F.2d 304, 309 n. 16 (2d Cir. 1973) (internal quotation marks and citations omitted).[5]  Unsurprisingly, several courts in this District have regularly found that jury trials were available in maritime cases where subject-matter jurisdiction was not solely predicated on admiralty jurisdiction (i.e. 28 U.S.C. § 1333).  This is true for personal injury cases as well as wrongful death cases.

For instance, in *Red Star Towing*, Judge Leval found that DOHSA claimants were entitled to a jury trial.  *Red Star Towing & Transp. Co. v. "Ming Giant"*, 552 F.Supp. 367, 375 (S.D.N.Y. 1982).  In coming to this conclusion, Judge Leval noted:

> I can find in DOHSA no command that trials must be without a jury. It does indeed provide that an appropriate plaintiff "may maintain a suit for damages in the district court ... in admiralty ...." Read literally, these words merely place such actions within the admiralty jurisdiction of the federal courts. ***They do not purport to***

---

[3] Here, the Claimants invoked the Court's diversity jurisdiction and made timely jury demands.  For a sampling of such pleadings filed by various Claimants' counsel, Claimants refer the Court to Doc. #13, 19, 32, and 71.

[4] In diversity cases, the Saving to Suitors clause also preserves a maritime plaintiff's right to a jury trial.  *See* 28 U.S.C. § 1333(1); *See also Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 455 (2001); *Clark v. Solomon Nav., Ltd.*, 631 F.Supp. 1275, 1278 n.1 (S.D.N.Y. 1986) (noting that Section 1333's "Saving to Suitors" clause "saves the alternate common law diversity forum for maritime suitors").

[5] Here, the Court has already tried Petitioner's "defense in admiralty" to the bench and found that "privity or knowledge" exists.  *See* Doc. #385.  All that is left is Claimants' "claim in law" – i.e. their damages trials for which diversity jurisdiction exists.

***nullify the saving to suitors clause where diversity of citizenship would confer another basis of jurisdiction.*** They do not purport to prevent state courts from exercising jurisdiction over DOHSA claims. And although juries were conventionally not employed in admiralty suits***, the words of the statute express no intention to forbid the use of juries either in diversity cases*** or in the admiralty.

*Id.* at 374-75 (emphasis added).

Similarly, in *Berkley Curtis Bay*, Judge Sofaer found that the claimants were entitled to a jury trial on their damages in a Limitation case when one claimant had a right to a jury trial pursuant to the Jones Act, but the other claimant allegedly "was not entitled to a jury because there was neither diversity of citizenship nor an employee-employer relationship [giving rise to a Jones Act claim] between" the claimant and the petitioners. 569 F.Supp. 1491, 1493 (S.D.N.Y. 1983). Ultimately, Judge Sofaer found that it was appropriate to try *all* claims to a jury due to the fact that "Courts have applied the principle of *Fitzgerald* in actions in which the claims against one party carried a jury entitlement and the claims against the other did not." *Id.* at 1494. Importantly, the decision recognized that, if diversity jurisdiction existed, then the claimants would undoubtedly be entitled to a jury trial. *See id.* at 1493 (petitioners contended that claimant "was not entitled to a jury ***because there was neither diversity of citizenship*** nor an employee-employer relationship [giving rise to a Jones Act claim] between" the claimant and the petitioners) (emphasis added).

And in *Clark v. Solomon Nav., Ltd.*, Chief Judge Motley noted in a personal injury case that:

> Because plaintiff is asserting his maritime claim under the diversity jurisdiction of the federal court, 28 U.S.C. Section 1332, as well as under its separate admiralty jurisdiction, 28 U.S.C. Section 1333, he is entitled to a jury. See 28 U.S.C. Sections 1332, 1333 (containing clause that saves the alternate common law diversity forum for maritime suitors).

*Clark v. Solomon Nav., Ltd.*, 631 F. Supp. 1275, 1277 n.1 (S.D.N.Y. 1986).

Judge Sweet came to a similar conclusion in *Complaint of Poling Transp. Corp.*  That case involved a Limitation of Liability case involving personal injuries and property damages.  *See Complaint of Poling Transp. Corp.*, 776 F.Supp. 779, 780-81 (S.D.N.Y. 1991).  The defendants recognized that the claimants had a right to jury trial if there was "an independent basis of jurisdiction, such as diversity[,]" but argued that, since there was no diversity and there was no "claim carrying a statutory right to a jury trial, such as one under the Jones Act," then a jury trial was improper  *Id*. at 781.  Judge Sweet disagreed.  He ultimately determined that the question of "whether exoneration or limitation should be granted" would be tried to then bench and that "[t]he jury shall determine the remaining issues" such as damages. *Id*. at 786-87.  This was because:

> Regardless of the undisputed truth of the statement that there is no *right* to jury trial in admiralty, and the ambiguity as to whether such a right exists on a pendent common law claim, "neither [the Seventh] Amendment nor any other provision of the Constitution forbids them [jury trials]. Nor does any statute of Congress or Rule of Procedure, Civil or Admiralty, forbid jury trials in maritime cases." *Fitzgerald,* 374 U.S. at 20, 83 S.Ct. at 1650. There is no reason to believe that the purposes of the Limitation Act include enabling a vessel owner to take a tort victim's case away from a jury. As one court has noted, "[t]he Limitation Act was fashioned by Congress as a shield rather than a sword." *In re Complaint of Cameron Boat Rental, Inc.,* 683 F.Supp. 577, 582 n. 6 (W.D.La.1988). "As long as the admiralty court can effectively ensure that a shipowner will not face liability in excess of the limitation fund," *Dammers,* 836 F.2d at 759, no compelling reason can be presented for denying the Individual Claimants a jury on their common law claims and forcing them, as in *Sheen,* to cross the street to obtain that process.

*Id*. at 786.

Judge Conner issued a similar ruling in case involving wrongful death and personal injury claimants in *Great Lakes Dredge & Dock.*  In that case, a tug owned by Great Lakes collided with a recreational boat, killing the owner of the boat and his brother and injuring the owner's son. Great Lakes filed an action seeking limitation or exoneration of liability.  *Complaint of Great Lakes Dredge & Dock Co.*, 895 F.Supp 604, 607 (S.D.N.Y. 1995).  Judge Conner found

that the claimants were entitled to a jury trial against Great Lakes (i.e. the petitioner) because

the parties were completely diverse:

> [W]e can answer with assurance that the claimants are entitled to a jury trial of their
> claims. As the *Poling* court stated, "[C]ourts ... have held that where a claim
> with *independent jurisdictional* basis normally carrying a jury right is joined with
> admiralty claims arising out of the same transaction or occurrence, at least the
> nonadmiralty claim may be tried to the jury." *Id.,* at 783. This result is driven by
> the need to preserve where possible the right to jury trial on claims that, but for the
> commencement of a limitation proceeding, could be brought elsewhere under the
> saving to suitors clause.
>
> In this case, the parties do not dispute that, if this Court had not enjoined suits
> outside the limitation proceeding, the claimants could have brought their claims
> against Great Lakes in a federal civil action based on diversity of citizenship.
> ***Therefore, because an independent jurisdictional basis exists for the claims
> against Great Lakes, the claimants are entitled to try those claims to a jury***.

*Id.* at 612 (some emphasis in original; some added).

The Court further noted that "courts are demonstrably more willing to circumscribe the

admiralty tradition of non-jury trials where parties seek to put claims based on death or personal

injury before a jury." *Id.* at 614.  Moreover, it was important to keep in mind that the Limitation

of Liability Act is a defensive statute, not a procedural weapon designed to deprive claimants of

their traditional right to a jury trial: "[m]erely because Great Lakes and Lone Star brought

limitation actions within the admiralty jurisdiction of the court does not mean that they may

use that procedure to strip the claimants of a jury trial to which the claimants would otherwise

be entitled under the saving to suitors clause."  *Id.* at 612.

A jury trial was similarly allowed in another maritime wrongful death case in *In re

Moran Towing Corp*., 2012 WL 1254975 (S.D.N.Y. Apr. 13, 2012).  In that case, a deckhand

was killed when he was caught between a tow line and capstan.  *Id.* at *1.  The vessel owner

filed a Limitation action and the deckhand's widow filed a claim in the Limitation case.  *Id.*

The court ultimately determined that that the "core" Limitation issues would be decided by the

court while all other issues would be decided by the jury.  *Id*. at *5; *See also Maersk, Inc. v. Neewra, Inc.*, 687 F.Supp.2d 300, 341-42 (S.D.N.Y. 2009) (denying motion to strike jury demand in mixed maritime/federal question/common law case because "when non-jury admiralty claims are joined with legal claims carrying a jury right, the constitutional right to a jury *should prevail*.") (emphasis in original).

These cases make clear that there is no right to a nonjury trial in a maritime case – even one in which subject-matter jurisdiction is solely predicated on Section 1333.  *Fitzgerald v. U.S. Lines Co*., 374 U.S. 16, 20 (1963) (there is no "statute of Congress or Rule of Procedure, Civil or Admiralty, [that] forbid[s] jury trials in maritime cases.").  But, when another basis of subject-matter jurisdiction exists (such as diversity jurisdiction), the Seventh Amendment right to a jury trial is triggered.  *Atlantic & Gulf Stevedores, Inc. v. Ellerman Line, Limited*, 369 U.S. 355, 359-360 (1962); *See also Luera v. M/V Alberta*¸ 635 F.3d 181, 195 (5th Cir. 2011) (the plaintiff is "endowed with a *constitutionally* guaranteed right to a jury trial" when diversity jurisdiction exists over an *in personam* maritime claim) (emphasis in original).  The maritime jurisdictional statute (i.e. Section 1333) makes this clear in its Saving to Suitors clause.  *See* 28 U.SC. § 1333(1); *See also Clark v. Solomon Nav., Ltd.*, 631 F. Supp. 1275, 1277 n.1 (S.D.N.Y. 1986).  Since diversity jurisdiction exists, the Claimants have a right to a jury trial on their damages claims.

*(2)  How the damages trials should proceed*

Claimants recognize that it will obviously be impractical to try all of the damages trials simultaneously.  Instead, Claimants believe the damages trials should be grouped into "mini-phases" where approximately five Claimants' cases are tried at the same time.  Claimants believe that the cases assigned to each trial grouping should be grouped by the law firm representing the Claimants.

In this scenario, the Court would pick approximately five cases where each Claimant is represented by the same law firm.  The benefit of this approach is that it will likely streamline the presentation of evidence and decrease litigation expenses.  One reason for this is because the various law firms have each retained their own experts.  One common example would be an economist to testify about earning capacity.  If the trials are grouped in this manner, one law firm's economist would testify about his qualifications, explain what earning capacity is, his methodology for calculating earning capacity, and then explain his damage calculations for the Claimants' cases that are being tried.  But, if two law firms are involved in the trial, then a second economist would offer similar (and possibly redundant) testimony as to the Claimants that economist evaluated.

Moreover, if multiple Claimants' law firms are involved, Petitioners would have more on their plate when it comes to pretrial preparations.  They would need to do research into two overlapping experts, prepare two cross-examinations, etc.  And, at trial, typical cross-examination/impeachment questions related to bias, financial incentives to testify, and perceived problems with methodology would be different for the two experts.  This would prolong the trial.

Perhaps most importantly, having multiple Claimants' law firms trying the case at the same time would increase the burdens on the Court. For instance, the Court would need to rule on an extra set of motions in limine filed ahead of trial.  Consequently, Claimants respectfully suggest that the Court group the trials by the law firms that represent the Claimants.

## C.    Whether alternative forms of dispute resolution should be explored.

Claimants believe mediation with a private mediator is worthwhile.  In Claimants' counsels' experience, private mediation tends to be more successful when the Parties jointly agree on a mediator that all Parties trust.  Therefore, they respectfully suggest that the Parties should

attempt to agree on a mediator that is "right" for their cases rather than having one appointed by the Court.

Dated:  July 10, 2022

Respectfully submitted,

**ARNOLD & ITKIN LLP**

*/s/ Jason A. Itkin*
Jason A. Itkin
Texas Bar No. 24032461
Kurt B. Arnold
Texas Bar No. 24036150
Cory D. Itkin
Texas Bar No. 24050808
6009 Memorial Drive
Houston, Texas 77007
Telephone: (713) 222-3800
Facsimile: (713) 222-3850
jitkin@arnolditkin.com
karnold@arnolditkin.com
citkin@arnolditkin.com

-and-

Mitchell Aaron
TORGAN COOPER & AARON PC
17 Street Sate, 39th Floor
New York, NY 10004
maaron@torgancooper.com

**Attorneys for Claimants John Hoagland, Karen Doyon, Richard Lopez, Troy Traylor, Karen Bushell, Rachel Eckels, Theresa Palmer, Alan Aaron, Darryl Smith, Amy Winters, Jacqueline Ingram and Gilleon Gillis**

## <u>CERTIFICATE OF SERVICE</u>

I certify that a copy of the foregoing instrument was served on all counsel of record in this matter by the CM/ECF electronic filing system on July 10, 2022.

*/s/ Jason A. Itkin*
Jason A. Itkin