UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In the Matter of the Complaint

of

ENERGETIC TANK, INC.,
as Owner of the M/V ALNIC MC,
for Exoneration from or Limitation of Liability

No. 18-cv-1359 (PAC) (RWL)

### ORDER CORRECTING THE COURT'S CALCULATION OF DAMAGES AND CERTIFYING FINAL JUDGMENT *NUNC PRO TUNC*

This case concerns a collision that occurred in the Singapore Strait between a United States Navy warship and an oil tanker. Following the collision, Petitioner Energetic Tank, Inc. filed this action seeking either exoneration or limitation of its liability. The United States and dozens of injured or deceased sailors (collectively the "Sailor-Claimants") then brought claims against Petitioner, seeking damages sounding in tort. The Court divided proceedings into two discrete phases: liability for the collision (Phase I), and damages resulting from the collision (Phase II).

In Phase I, following a bench trial, the Court concluded Petitioner was 20% at fault for the collision, while the United States was 80% at fault. *See generally* ECF No. 385 (the "Phase I Opinion"). Accordingly, the Court concluded the Petitioner was liable to the United States for damages in the amount of $37,000,000 (20% of the United States' stipulated damages to its vessel, the U.S.S. JOHN S. MCCAIN), minus $353,956 (80% of the Petitioner's stipulated damages to its vessel, the M/V ALNIC), plus interest. The Petitioner and the United States have both filed interlocutory appeals of the Phase I Opinion. *See* ECF Nos. 409, 412.[1]

---

[1] The Second Circuit remanded this case to the Court for the limited purpose of correcting the record regarding the calculation of damages and the entry of final judgement against the United States. *See* ECF No. 416. Jurisdiction will automatically be restored to the Second Circuit, without

1

The Court afforded the parties an opportunity to object to the Phase I Opinion's calculation of damages and pre-judgment interest. *See* Phase I Opinion at ¶ 203. The parties correctly note that the Court mistakenly used the Petitioner's principal damages ($353,956) rather than Petitioner's pre-judgment interest ($81,769) to calculate the net payment on pre-judgment interest. The Court should have subtracted the latter instead of the former. Therefore, the Phase I Opinion will be corrected to reflect the larger net payment on pre-judgment interest (in Paragraph 202, re-calculated from $7,939,670 to $8,211,857), and the larger net judgment (in Paragraph 203, now calculated to $44,857,901). That correction will be made *nunc pro tunc*.

The United States also contends that pre-judgment interest has continued to run because the Court did not intend for that Phase I Opinion to be final judgment. There, the Court "retain[ed] jurisdiction" over the United States to resolve outstanding matters including contribution and calculation of damages and interest. Phase I Opinion at ¶ 199. The Court confirms that it did intend for the Phase I Opinion to be a final judgment.

Under Federal Rule of Civil Procedure 54, a judgment "includes a decree and any order from which an appeal lies." FED. R. CIV. P. 54(a). On the other hand, that Rule also states that when an action "presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court *expressly determines* that there is no just reason for delay." FED. R. CIV. P. 54(b) (emphasis added). Without an express determination, an order that "adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a

---

the need for a new notice of appeal, upon the entry of this Court's new decision. *See United States v. Jacobson*, 15 F.3d 19, 22 (2d Cir. 1994).

judgment . . . ." *Id.* Here, the Phase I Opinion did not adjudicate all of the claims in this case and the Court did not make an express certification under Rule 54(b). Seemingly, then, the Phase I Opinion could not constitute a final judgment.

Nevertheless, in certain circumstances, the Court has discretion to clarify, *nunc pro tunc*, that a prior order was intended to be final judgment. *See Roberts v. Bennaceur*, 658 F. App'x 611, 620 (2d Cir. 2016) (summary order). The Court does so here with the Phase I Opinion, which was intended to be a final judgment regarding the United States. The Phase I Opinion resolved the United States' liability and damages for the collision—the very reason the proceedings were bifurcated into two phases.[2] The language in the Phase I Opinion also indicated its finality. For example, the Court calculated the pre-judgment interest owed to the United States ending on "the date of" the Phase I Opinion. *See* Phase I Opinion ¶ 202. That calculation would have been irrelevant if pre-judgment interest had continued to run after the date of the Phase I Opinion. To the extent the Court allowed for a clerical correction to that calculation—which fixed an error and delay of the Court's own—that allowance was not intended to change the substance of the Phase I Opinion.

The Court also expressly certifies, *nunc pro tunc*, that there is no just reason for delay in issuing the final judgment. "[I]n deciding whether there are no just reasons to delay the appeal of individual final judgments . . . a district court must take into account judicial administrative interests as well as the equities involved." *Novick v. AXA Network, LLC*, 642 F.3d 304, 310 (2d Cir. 2011) (quoting *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980)). Those judicial

---

[2] Petitioner's counterclaim for contribution, while still pending at the time of the Phase I Opinion, does not change the result. Rule 54(b) contemplates that a judgment may be final when it resolves "at least one claim" by a party. *Acumen Re Mgmt. Corp. v. Gen. Sec. Nat. Ins. Co.*, 769 F.3d 135, 140 (2d Cir. 2014). Here, the United States' claim for damages to MCCAIN was fully resolved by the Phase I Opinion.

3

administrative interests clearly favor treating the Phase I opinion as a final judgment. The piecemeal appeals that Rule 54(b) is designed to avoid are very different from the liability determination in admiralty made here. Moreover, the Petitioner and the United States have already appealed the Phase I Opinion, and thus certifying that the Phase I opinion is a final judgment avoids "unnecessary delay in the appeal process." *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 355 (2d Cir. 2011) (internal quotation omitted). Instead, the Phase I Opinion presents one judgment, neatly bundled, for the Second Circuit to review on appeal.

For these reasons, the Phase I Opinion shall be corrected for a clerical error and deemed a final judgment *nunc pro tunc*. Therefore, no change to the calculation of pre-judgment interest is necessary. That final judgment shall be issued in a separate filing today.

Dated: New York, New York
October 6, 2022

SO ORDERED

_____
HONORABLE PAUL A. CROTTY
United States District Judge

4