# Arnold & Porter

Christopher M. Odell
Christopher.Odell@arnoldporter.com

November 17, 2023

**VIA ECF**

The Honorable Paul A. Crotty
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 1007-1312

Re: *In re Energetic Tank, Inc.*, No. 1:18-cv-1359 (S.D.N.Y.)

Dear Judge Crotty:

We write on behalf of all parties in the above-captioned action to jointly report on the status of discovery and mediations in advance of the telephonic conference scheduled for Monday, December 5, 2023. As we understand to be the plan from the Court's September 15 and September 20, 2023 docket entries, the parties will come to the conference prepared to discuss the timeframe for completing the remaining discovery, conducting mediation, and scheduling the remaining claims for pre-trial proceedings and bellwether trials. We give this update to facilitate that discussion.

**A. Discovery Update**

The parties continue to work diligently to complete the discovery of the Phase II personal injury and wrongful death damages claims while also preparing for settlement negotiations, but it is apparent that additional time is needed to complete fact and expert discovery. As the Court is aware, the close of discovery was previously set for today, November 17, 2023. After the parties informed the Court on September 14, 2023 that they did not anticipate being able to complete discovery by that deadline, the Court scheduled the December 5 status conference to discuss the outstanding discovery and a schedule for completing discovery, mediation, and trial. *See* Sept. 14, 2023 Joint Letter Motion for Conference (ECF No. 516); Sept. 15, 2023 Docket Annotation; Sept. 20, 2023 Notice of Conference.

**Arnold & Porter**

November 17, 2023
Page 2

Since then, the parties have made substantial progress toward the completion of discovery and have been prioritizing their efforts to facilitate the approaching mediations in December and January.  To date, Petitioner has conducted 98 depositions of the Claimants and the Rule 26 witnesses they have disclosed, together with two expert depositions.  Two additional expert depositions (concerning multiple Claimants) are scheduled between now and December 5, 2023.  The parties have worked cooperatively to schedule and complete these depositions.

Additionally, the Claimants have produced a large volume of the outstanding medical, employment, and school records, among other discovery, since the last conference with the Court.  However, as discussed in more detail below, Petitioners believe significant deficiencies remain, including some that remain beyond the parties' control.  The parties have engaged in regular deficiency correspondence and meet-and-confers in connection with these issues, and they have cooperated to prioritize the production of records that are critical for the upcoming mediations.

With respect to expert discovery, Petitioner has completed all of the medical IMEs for the physical injury Claimants of which it is aware, and the majority of the psychiatric IMEs for the Claimants who allege psychological injuries.  Petitioner has served reports for each of the 11 medical IMEs and for 22 of the 42 psychiatric IMEs.  To facilitate the approaching mediations, Petitioner expects to complete and serve 16 of the remaining 20 psychiatric IME reports in the coming weeks.  The final four reports are for Claimants whose psychological testing or psychiatric IMEs have not yet taken place (or, in one case, whose psychiatric IME took place this week) due to a variety of Claimant-specific scheduling complications.  Petitioner has also conducted 22 vocational examinations of the 39 Claimants whom Petitioner understands to be asserting economic loss claims.  The remaining 17 vocational examinations remain to be scheduled.

Petitioner has also made significant progress on its other expert reports and anticipates serving its military and vocational reports in the remainder of 2023, with economic reports to follow.

    a.  **Outstanding Fact Discovery**

Notwithstanding the parties' substantial progress, more remains to be accomplished.  Among other things, Petitioner is still working to obtain fact discovery from a number of Claimants.  The parties have been exchanging regular discovery correspondence and have participated in numerous formal meet-and-confers on these issues since August.  Although the parties have been able to resolve the majority of their issues by agreement, several issues remain pending.  For example, for at least 15

**Arnold & Porter**

November 17, 2023
Page 3

Claimants, Petitioner continues to await the production of essential documents such as medical records, employment records, and tax returns. This process has been complicated by the fact that certain Claimants have been deployed or faced other scheduling issues. For instance, Claimant Delando Beckford is currently on deployment and has produced very few records in support of his claim.

Further, while the Claimants have satisfied a number of deficiencies in recent weeks, they have done so in many cases by producing authorizations for Petitioner to obtain records from third-party entities. For that reason, many of the records whose deficiencies have been "resolved" will take additional time to obtain.

Another issue is that the parties continue to negotiate the production of social media records. Although Claimants have produced some social media records relating to their injuries, employment, and other topics, it is Petitioner's belief that a significant number of responsive social media records remain unproduced. Completing production of social media materials will take additional time. The Shisha Claimants have indicated that they need until at least December 11, 2023 to produce the remainder of their social media records or to confirm that no additional responsive records exist. Similarly, Petitioner is still negotiating with the 27 Claimants represented by Paul Hofmann, the 3 personal injury Claimants represented by Arnold & Itkin, and the one Claimant represented by Roy Dripps in connection with these requests.

Additionally, the parties are currently negotiating the entry of an agreed protective order that would enable Petitioner to produce copies of the data sheets that the Claimants completed during their psychological testing. Due to the proprietary nature of the data, Petitioner is not able to produce it absent an appropriate confidentiality designation. It is Claimants' position that they have been unable to meaningfully assess the defenses asserted by the Petitioner as to Claimants' psychiatric injuries without this data.

Although Claimants have produced voluminous medical records, including surgical and therapeutic records, and have testified to their injuries by deposition, Petitioner believes that it has been unable to meaningfully assess their claims because Petitioner lacks a clear understanding of which Claimants allege *e.g.*, economic loss and physical injuries. Petitioner therefore served contention interrogatories on October 2, 2023, which were due on November 1. A number of Claimants have yet to respond to the contention interrogatories Petitioner served on October 2, but Petitioner is assured that the Claimants are working on their responses.

Finally, there remain five depositions that have not been scheduled for health or other reasons. Among these is the deposition of Shinobu Sasaki Lopez, the widow of

**Arnold & Porter**

November 17, 2023
Page 4

decedent Abraham Lopez. Ms. Lopez is not a party to this case and is outside the jurisdiction of this Court. As Mr. Lopez's widow, she is the real party in interest in connection with his brother, Richard Lopez's claim. Indeed, Richard Lopez has testified that he does not claim to be a dependent of his brother and appears to be seeking damages primarily on Ms. Lopez's behalf. Absent Ms. Lopez's agreement, Petitioner will be forced to seek her testimony by letter rogatory because she is a Japanese citizen who resides in Japan. Petitioner has retained Japanese counsel and anticipates filing a motion for issuance of letter rogatory in the coming days.

### b. Outstanding Expert Discovery

More remains to be accomplished in terms of expert discovery as well. Although Claimants have served the majority of their expert reports, Petitioner continues to await expert reports for various Claimants, including economist reports for eight Claimants. Petitioner's economic experts will need to review these reports in order to complete their own opinions.

With respect to Petitioner's expert discovery, there remain two Claimants Petitioner has been unable to even schedule for psychiatric IMEs, the beginning point of the expert discovery process, while others have been scheduled only recently. This has presented knock-on effects because Petitioner's vocational and economic experts are reliant on the results of the psychiatric IMEs, and Petitioner's economic experts are in turn reliant upon the results of the vocational examinations and military reports.

Petitioner is diligently working on its vocational, military, and economic expert reports, though they are taking longer than anticipated for reasons beyond its control. These include outstanding fact discovery needed by Petitioner's experts, missing expert reports from the Claimants, and an expert workstream in which some of Petitioner's experts are reliant upon others' analysis to substantially begin their work. As noted above, Petitioner anticipates serving its military and vocational expert reports in the coming weeks, with economic reports to follow.

Finally, the parties have begun taking expert witness depositions, including two depositions of medical experts, though they have not begun to schedule depositions for a number of experts, largely due to the fact that the parties are still finalizing their expert witness reports. Petitioner reserves the right to depose the experts designated by each claimant with regard to his claim.

**Arnold & Porter**

November 17, 2023
Page 5

### B. Mediation Update

The parties are working toward mediation of the bodily injury claims before John W. Perry, Jr., whom the parties jointly appointed earlier this year. Mr. Perry and the parties have set aside the weeks of December 11, 2023 and January 8, 2024 for mediation, and the parties are discussing which of the claims will be scheduled for negotiation in the first week. The parties are also working with Mr. Perry to schedule further sessions to resolve the remaining claims and to facilitate broader settlement discussions. The parties will keep the Court apprised of their progress at mediation.

### C. Conclusion

The parties look forward to addressing these points and any others the Court would like to address at the telephonic conference on December 5.

Very truly yours,

Christopher M. Odell