LYONS & FLOOD PLLC
Attorneys for Claimant Jennifer Simon
individually and as Personal Representative
of the Estate of Kevin Bushell
The Towers, Suite 206
111 Great Neck Road
Great Neck, NY 11021
(212) 594-2400

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In the Matter of the Complaint<br><br>of<br><br>ENERGETIC TANK, INC., as Owner of the<br>M/V ALNIC MC, for Exoneration from or<br>Limitation of Liability | Docket No. 1:18-cv-1359(PAC) |

**MEMORANDUM OF LAW SUPPORTING
<u>PERSONAL REPRESENTATIVE STATUS</u>**

Claimant, Jennifer Simon, individually and as Personal Representative of the Estate of

Kevin Bushell, by her attorneys, Lyons & Flood PLLC and Semmes, Bowen & Semmes, submits

this Memorandum of Law in support of her Motion seeking an Order confirming her status as

Personal Representative of the Estate of Kevin Bushell for the purpose of the prosecution of the

claims of the dependents of Kevin Bushell under Singapore law and those persons upon whose

behalf the DOHSA authorizes recovery.  (See Docket Text dated January 16, 2024).

**I.       PROCEDURAL HISTORY**

United States District Judge Paul A. Crotty, in his Opinion & Order filed on January 10,

2020 (ECF 247), held "that Singapore law is the correct choice of law applicable as to all

substantive matters of liability and the availability and calculation of damages in this case."

(ECF 247 at 1).

On April 10, 2018, Jennifer Simon filed a Claim for Wrongful Death (ECF 32) and an

Answer to the Complaint (ECF 33) in this action.[1]  On June 14, 2018, Karen Bushell, mother of

Kevin Bushell, filed an Answer to the Complaint in this action on her own behalf and as Personal

Representative of the Estate of Kevin Bushell.

On August 24, 2021, counsel for Jennifer Simon filed a Letter Motion (ECF 303)

indicating an intention to file a Motion for Leave to File Amended Claim and Amended Answer

on behalf of Jennifer Simon, individually and as Personal Representative of the Estate of Kevin

Bushell.  Counsel for the Plaintiff Energetic Tank, Inc. consented to the filing of an Amended

Claim and Amended Answer.  At a telephonic status conference held by Judge Crotty on

September 8, 2021, Judge Crotty asked all counsel on the call whether any of them objected to

the filing of an Amended Claim and Amended Answer by Jennifer Simon individually and as

Personal Representative of the Estate of Kevin Bushell.  No objections were voiced.

Accordingly, on September 9, 2021, Judge Crotty ordered that "counsel may file the Amended

Pleadings; there is no need to file a Motion for Leave SO ORDERED."  (ECF 304).  On

September 13, 2021, an Amended Claim (ECF 305) and Amended Answer (ECF 306) were filed

by Jennifer Simon individually and as Personal Representative of the Estate of Kevin Bushell.

---

[1] Ms. Simon was aware at the time of this filing that the mother of Kevin Bushell, Karen Bushell, had been appointed to be the Personal Representative of the Estate of Kevin Bushell by the Register of Wills of Montgomery County, Maryland, on March 26, 2018.  Ms. Simon subsequently challenged that appointment in the Orphans' Court of Montgomery County and ultimately in the Court of Special Appeals of Maryland.  On November 12, 2020, that Court held that Karen Bushell's Petition to be the Personal Representative of the Estate of Kevin Bushell "was, at the time filed, facially improper" and that "the Register of Wills erroneously issued an Order naming Karen Bushell as the Personal Representative of the Estate of Kevin Bushell."  (ECF 519-1, at 11).

## II.     ARGUMENT

### A. Singapore statutory law states that a claim for wrongful death is to be pursued by the estate of the decedent for the benefit of the dependents of the decedent.

On July 11, 2022, counsel for Plaintiff Energetic Tank, Inc. filed the Declaration of a law partner in a Singapore law firm, Leong Kah Wah.  (ECF 396).  In the Declaration Mr. Leong stated "Under Singapore law, a tort committed against a person, which causes the person's death, is actionable pursuant to the Civil Law Act of 1909 ("CLA").  This includes maritime wrongful death claims."  (ECF 396 at 1).  Attached to the Declaration was a true and correct copy of the current version the CLA.  Mr. Leong also stated in the Declaration, "Wrongful death claims under the CLA may be brought by (1) the decedent's estate, for damages caused to the decedent; and (2) the decedent's dependents for financial losses suffered as a result of the decedent's death."  (ECF 396 at 2).

Section 10(1) of the CLA states, "Subject to this section, on the death of any person, all causes of action subsisting against or vested in him shall survive against, or, as the case may be, for the benefit of his estate."  (ECF 396-1 at 22).  Section 20 of the CLA, which is entitled "Right of Action for Wrongful Death Act Causing Death," states in pertinent parts:

(1) If death is caused by any wrongful act, neglect or default which is such as would (if death has not ensured) have entitled the person injured to maintain an action and recover damages in respect thereof, the person who would have been liable if death had not ensured shall be liable to an action for damages, notwithstanding the death of the person injured.

(2) Subject to Section 21(2), every action shall be for the benefit of the dependents of the person (referred to in this section and in sections 21 and 22 as the deceased) whose death has been so caused.

. . . .

(8)  In this Section, "Dependent" means –
   (a)  The wife or husband or former wife of the deceased;
   (b)  Any parent, grandparent or great grandparent of the deceased;

3

. . . .

Section 21 of the CLA, which is entitled "Bereavement," states in pertinent parts:

(1) An action under Section 20 may consist of or include a claim for damages for bereavement.
(2) A claim for damages for bereavement shall only be for the benefit of such of the following persons as survived the deceased:
    (a) The wife or husband of the deceased;
    . . . .

Section 22 of the CLA is entitled "Assessment of Damages" and reads in pertinent as

follows:

(1) In every action brought under Section 20, the Court may award such damages as are proportioned to the losses resulting from the death to the dependents respectively.
    . . . .

(1A) In assessing the damages under subsection (1), the Court shall take into account any monies or other benefits which the decedent would be likely to have given to the dependents by way of maintenance, gift, bequest or devise or which the dependents would likely to have received by way of succession from the deceased had the deceased lived beyond the date of the wrongful death.
. . . .

(4) If the dependents have incurred funeral expenses in respect of the deceased, damages may be awarded in respect of those expenses.

**B. The responsibilities of a Personal Representative under the Death on the High Seas Act ("DOHSA") are much the same.**

In his Opinion & Order of February 28, 2023, dealing with the right to a jury trial in

Phase II of the trial (ECF 501), Judge Crotty wrote "The Court agrees that the Wrongful Death

Claims are governed by DOSHA" (ECF 501 at 8), noting that Section 30306 of DOSHA (46 U.

S. C. § 30306) permits U.S. Courts to apply substantive foreign law "in respect to the amount for

which recovery is authorized." (ECF 501 at 9).

Recovery by a personal representative of a decedent under DOSHA differs from that

under the Singapore CLA, as the recovery does not go into the estate. Rather, the personal

representative of the decedent may bring a civil action in admiralty "for the exclusive benefit of

the decedent's spouse, parent, child, or dependent relative."  46 U.S.C. § 30302.  As the Court in

*In re Southern S.S. Co.,* 135 F. Supp. 358, 360 (Del. 1955), stated:

> It is entirely clear that the Personal Representative does not sue for the
> benefit of the estate of the deceased nor does any amount recovered or received
> become an asset of the decedent's estate but the representative sues by virtue of
> an express statutory designation and holds the amount of the recovery in the
> nature of a trustee for the benefit of those persons upon whose behalf the statute
> authorizes recovery.

> While I can find no express language in the statutes requiring the jury or
> Court to allocate or portion the damages to the respective parties entitled, yet
> since the recovery by the Personal Representative is not an asset of the estate and
> the Personal Representative has presumptively given no bond securing the
> recovery it is not unusual for the fact-finding instrumentality, via jury or Court, to
> apportion the damages to each party entitled.

*Id.* at 360; *see also Blanco v. United States*, 464 F. Supp. 927, 933 (S.D.N.Y. 1979), *aff'd*, 775 F.

2d. 53, 64 (2nd Cir. 1985).  As the court in *Alcabasa v. Korean Air Lines Co., Ltd.*, 62 F.3d. 404

(D.C. Cir. 1995), stated, "Furthermore, a Personal Representative has a fiduciary duty to bargain

for the rights of all the decedent's beneficiaries and turn over to them their appropriate share of

any proceeds." *Id.* at 408.

## CONCLUSION

Under the Singapore CLA or the DOSHA, the role of Jennifer Simon as Personal

Representative of the Estate of Kevin Bushell is the same:  to act as a trustee to recover for the

dependents "such damages . . . proportional to the losses resulting from the death to the

dependents respectively"  (CLA § 22(1)) and "hold[ing] the amount of the recovery in the nature

of a trustee for the benefit of those persons on whose behalf the statute authorizes recovery." *In*

*re Southern S. S. Co.,* 135 F. Supp. at 360.  As such, Claimant Simon respectfully seeks an Order

confirming her status as Personal Representative of the Estate of Kevin Bushell for the purposes

noted above.

Dated: New York, New York
         January 23, 2024

                                             Respectfully yours,

                                             **LYONS & FLOOD PLLC**

                                      By:  /s/ *Kirk M. Lyons*
OF COUNSEL:                                Kirk M. Lyons
James W. Bartlett, III, Esquire            Attorneys for Claimants Jennifer Simon and the
Imran O. Shaukat, Esquire                  Estate of Kevin Bushell
Semmes, Bowen & Semmes                     The Towers, Suite 206
25 West Pratt Street, Suite 1900           111 Great Neck Road
Baltimore, MD 21201                        Great Neck, NY 11021
(410) 539-5040                              (212) 594-2400
jbartlett@semmes.com                       klyons@lyons-flood.com
ishaukat@semmes.com

                                           Counsel for Jennifer Simon individually and as
                                           Personal Representative of the Estate of Kevin
                                           Bushell

## CERTIFICATE OF SERVICE

      I, Kirk M. Lyons, hereby certify that this document filed through the ECF system will be

sent electronically to the registered participants as identified on the Notice of Electronic Filing

(NEF) and paper copies will be sent to those indicated as non-registered participants on January

23, 2024.

                                             /s/ *Kirk M. Lyons*
                                             Kirk M. Lyons

6