LYONS & FLOOD PLLC
Attorneys for Claimant Jennifer Simon
individually and as Personal Representative
of the Estate of Kevin Bushell
The Towers, Suite 206
111 Great Neck Road
Great Neck, NY 11021
(212) 594-2400

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In the Matter of the Complaint of<br><br>ENERGETIC TANK, INC., as Owner of the M/V ALNIC MC, for Exoneration from or Limitation of Liability | Docket No. 1:18-cv-1359(PAC) |

### RESPONSE TO KAREN BUSHELL'S MEMORANDUM

Claimant, Jennifer Simon, individually and as Personal Representative of the Estate of Kevin Bushell, by her attorneys, Lyons & Flood PLLC and Semmes, Bowen & Semmes, submits this Response to Karen Bushell's Memorandum Regarding the Effect of Jennifer Simon's Substitution as Administrator of Kevin Bushell's Estate ("Memorandum"). (ECF 523).

### I.     FACTS

Counsel for Karen Bushell in her Memorandum have suggested that she should be allowed to pursue "her own claim, for her own individual damages, due to a conflict of interest with the Personal Representative." (ECF 523 at 1). They cite, as support for this, the testimony of counsel for Ms. Simon in this action in a hearing before the Orphans' Court for Montgomery County, Maryland on December 4, 2018. The "inherent conflict of interest" to which counsel referred in that hearing was predicated on the assumption that the DOHSA applied and that

Karen Bushell would not be a beneficiary of a DOHSA recovery because it was believed at that time that Ms. Bushell was not a dependent of Kevin Bushell at the time of his death. (Exhibit D to Memorandum). That Karen Bushell was not a dependent of Kevin Bushell at the time of his death was later confirmed by her testimony at her deposition taken in this action on August 16, 2019 (*see* Exhibit A) and in documentation entered as an exhibit in that deposition. (*See* Exhibit B).

Indeed, Ms. Bushell admits that DOHSA allows "the Personal Representative of the deceased" to bring a lawsuit "for the exclusive benefit of the decedent's spouse, parent, child, or dependent relative" and that the beneficiary of the lawsuit is not the decedent's estate, citing 46 U.S.C. § 30302. (ECF 523 at 3-4).

## II.  ARGUMENT

### A. Karen Bushell does not oppose the Court confirming that Jennifer Simon is the Personal Representative of the Estate of Kevin Bushell.

Karen Bushell in her Memorandum states that "she has no opposition to the Court confirming that Ms. Simon is the Personal Representative . . . ." (ECF 523 at 1). She asserts that "no one – including Ms. Bushell – disputes this limited proposition" that "Claimant Simon is the Personal Representative of the Estate of Kevin Bushell for purposes of this action." (ECF 523 at 3).

### B. Under both the Singapore CLA and the DOHSA, the Personal Representative is to prosecute the claims of the decedent's dependents/beneficiaries.

Section 10(1) of the CLA states, "Subject to this section, on the death of any person, all causes of action subsisting against or vested in him shall survive against, or, as the case may be, for the benefit of his estate." (ECF 396-1 at 22). Section 20 of the CLA, which is entitled "Right of Action for Wrongful Death Act Causing Death," states in pertinent parts:

2

(1) If death is caused by any wrongful act, neglect or default which is such as would (if death has not ensured) have entitled the person injured to maintain an action and recover damages in respect thereof, the person who would have been liable if death had not ensured shall be liable to an action for damages, notwithstanding the death of the person injured.

(2) Subject to Section 21(2), every action shall be for the benefit of the dependents of the person (referred to in this section and in sections 21 and 22 as the deceased) whose death has been so caused.

(3) Every action brought under this section shall be brought by and in the name of the executor or administrator of the deceased.

. . . .

(8)  In this Section, "Dependent" means –
 (a)  The wife or husband or former wife of the deceased;
 (b)  Any parent, grandparent or great grandparent of the deceased;
 . . . .

Section 21 of the CLA, which is entitled "Bereavement," states in pertinent parts:

(1) An action under Section 20 may consist of or include a claim for damages for bereavement.
(2) A claim for damages for bereavement shall only be for the benefit of such of the following persons as survived the deceased:
 (a)  The wife or husband of the deceased;
 . . . .

Section 22 of the CLA is entitled "Assessment of Damages" and reads in pertinent as follows:

(1) In every action brought under Section 20, the Court may award such damages as are proportioned to the losses resulting from the death to the dependents respectively.
 . . . .

(1A) In assessing the damages under subsection (1), the Court shall take into account any monies or other benefits which the decedent would be likely to have given to the dependents by way of maintenance, gift, bequest or devise or which the dependents would likely to have received by way of succession from the deceased had the deceased lived beyond the date of the wrongful death.
. . . .

(4) If the dependents have incurred funeral expenses in respect of the deceased, damages may be awarded in respect of those expenses.

### C. A Personal Representative has a fiduciary duty to bargain for or prosecute the claims of all of the decedent's dependents/beneficiaries.

As the Court in *Alcabasa v. Korean Air Lines Co., Ltd.*, 62 F.3d 404 (D.D.C. 1995), held, a personal representative is a fiduciary of a decedent's beneficiaries and has a duty to bargain for recovery of all of a decedent's beneficiaries and to recover for them their appropriate share of any recovery:

> Some courts have found . . . that a potential beneficiary of a wrongful death claim may be permitted to intervene in a suit if he can establish that his interests are at odds with the decedent's personal representative. *See, e.g., Smith v. Clark Sherwood Oil Field Contractors,* 457 F.2d 1339, 1345 (5th Cir. 1972). Furthermore, a personal representative has a fiduciary duty to bargain for the rights of all the decedent's beneficiaries and to turn over to them their appropriate share of any proceeds. *See, e.g., Chicago, Burlington & Quincy R.R. v. Wells-Dickey Trust Co.*, 275 U.S. 161, 163 (1927); *Calton v. Zapata Lexington*, 811 F.2d 919, 922 (5th Cir. 1987). A failure to do either can give rise to a cause of action against the personal representative. *Calton*, 811 F.2d at 922.

*Id.* at 408.

The *Smith* case involved a claim under the Jones Act, 46 U.S.C. § 688, by the personal representative of a deceased seaman who sought "to recover death benefits on behalf of the lawful wife and children and also for a child alleged to be the illegitimate daughter of the deceased." 457 F.2d 1340. The United States Court of Appeals for the 5th Circuit held that the widow was entitled to intervene in the action due to "the conflicting nature of the beneficial interests":

> In our view, these two decisions give the only reasonable interpretation to the statute as passed by Congress. While the Jones Act, *supra*, does not state in singular form that the "personal representative . . . may maintain an action for damages at law," the statute also requires that the action be brought "*for the benefit of* the surviving widow . . . and children." (Emphasis supplied). In the case at hand, the conflicting nature of the beneficial interests prevented the personal representative from acting for the benefit of all the alleged beneficiaries

4

and the result was that a fiduciary was charged with a duty that he could not effectively perform. Such an illogical result could not have been the intent of Congress.

Having concluded that Irene Smith and her four children are not adequately represented by Rodney Smith, it follows that she qualifies for intervention of right under the literal terms of Rule 24(a)(2) of the Federal Rules of Civil Procedure, Title 28 U.S.C.

*Id*. at 1345.

No such "patently conflicting interests" (*Id.*) are presented between Jennifer Simon and Karen Bushell or any other potential beneficiaries.

### D. Karen Bushell and any other beneficiaries of Kevin Bushell should present their claims to Jennifer Simon as Personal Representative of Kevin Bushell for the purpose of those claims being pursued in the mediation or, if the claims cannot be settled, at trial.

In *Smith*, the potential claimants, the widow and her four children and the illegitimate daughter, would have to share in one monetary award for the damages recoverable for the decedent's death, *i.e.*, loss future wages, conscious pain and suffering, *etc*. of the decedent. That is not the situation between Jennifer Simon and Karen Bushell in this case.

In this case, while the recovery for the death of Kevin Bushell must be negotiated or prosecuted by the Personal Representative, Jennifer Simon, the recovery is not for a singular amount that must be shared among beneficiaries. Rather, the "dependents" of the deceased, *i.e.*, "[t]he wife" and "[a]ny parent," (CLA § 20(8)) are to be awarded "any monies or other benefits which the decedent would likely have given to the dependents. (CLA § 22(1A)). And "the Court may award such damages as are proportioned to the losses resulting from the death to the dependents <u>respectively</u>." (CLA § 22(a) (emphasis added)).

Moreover, there is no limitation presented in this case as would be the case in a Jones Act recovery. The claimants for the death of Kevin Bushell and other claimants represented by

Arnold & Itkin have received an Agreement and Letter of Undertaking dated June 4, 2019 from the P&I Club insuring the M/V ALNIC MC and her owners in the amount of $80,000,000. Thus, they are fully secured for "any monies or other benefits which the decedent would be likely to have given to the dependents by way of maintenance, gift, bequest or devise or which the dependents would likely to have received by way of succession from the deceased had the deceased lived beyond the date of the wrongful death." (CLA § 22(1A)). Consequently, "the Court may award such damages as are proportioned to the losses resulting from the death of the dependents respectively." (CLA § 22(1)).

## CONCLUSION

Jennifer Simon, as Personal Representative, has no objection to counsel for Karen Bushell continuing to represent her interests in this litigation. At the mediation, her claim and that of any other beneficiary her counsel represents can be presented by them to the mediator and counsel for the Petitioner at the same time that Jennifer Simon's claim is being presented. There is no conflict, as Jennifer Simon wants Karen Bushell, Thomas Bushell, and any other beneficiaries to recover all of the damages to which they are entitled under the law, just as she wants to recover all of the damages to which she is entitled under the law.

Respectfully yours,

**LYONS & FLOOD PLLC**

By: /s/ *Kirk M. Lyons*

OF COUNSEL:
James W. Bartlett, III, Esquire
Imran O. Shaukat, Esquire
Semmes, Bowen & Semmes
250 W. Pratt Street, Suite 1900
Baltimore, MD 21201
(410) 539-5040
jbartlett@semmes.com
ishaukat@semmes.com

Kirk M. Lyons
Attorneys for Claimants Jennifer Simon and the Estate of Kevin Bushell
The Towers, Suite 206
111 Great Neck Road
Great Neck, NY 11021
(212) 594-2400
klyons@lyons-flood.com

                                                Counsel for Jennifer Simon individually and as Personal Representative of the Estate of Kevin Bushell

## CERTIFICATE OF SERVICE

I, Kirk M. Lyons, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on January 30, 2024.

                                                 /s/ *Kirk M. Lyons*
                                                 Kirk M. Lyons