UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In the Matter of the Complaint<br><br>of<br><br>ENERGETIC TANK, INC.,<br>as Owner of the M/V ALNIC MC,<br>for Exoneration from or Limitation of<br>Liability | Case No. 1:18-cv-1359 (PAC) |

**THIRD STIPULATED SUPPLEMENTAL PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION**

This case stems from the August 21, 2017 collision between the M/V ALNIC MC and the Guided Missile Destroyer USS JOHN S MCCAIN (DDG 56).

The parties filed a Stipulated Protective Order Regarding Confidential Information ("Stipulated Protective Order"), which the Court entered on September 4, 2018. ECF No. 114. Because the Stipulated Protective Order does not specify the procedures under which parties other than the United States of America may designate documents or information as Confidential Information, and because Petitioner cannot produce certain categories of proprietary data reflecting the psychological testing administered by its experts to the Personal Injury Claimants absent a Protective Order permitting it to designate the materials as confidential, the parties agree and stipulate to the entry of this Third Stipulated Supplemental Protective Order Regarding Confidential Information.

Having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court therefore ORDERS that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with this action:

1. Counsel for any party may designate any document or information, in whole or in part, as Confidential Information under the Stipulated Protective Order (ECF 114), if counsel determines, in good faith, that such designation is necessary to protect the interests of their client or its employees, agents, consultants, or experts in information that is proprietary, a trade secret, or otherwise sensitive non-public information ("Confidential Information").

2. Apart from (i) the definition of Confidential Information set out in section A(2) and referenced in section C(2) of the Stipulated Protective Order (which is expanded to encompass the documents and information described in paragraph 1 above); (ii) the definitions of "Designating Party" and "Producing Party" (which are expanded to include "any party designating or producing Confidential Information in the Action"); and (iii) the reference to "United States as Designating Party" in section E(5) (which is replaced by the term "Designating Party"), all provisions of the Stipulated Protective Order are incorporated by reference herein and apply equally in the event that any party designates a document or information, in whole or in part, as Confidential Information.

New York, New York

Dated: *April 4*, 2024.

So Ordered:

*Loretta A Preska*
Loretta A. Preska
United States District Judge