UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
In the Matter of the Complaint

        of

ENERGETIC TANK, INC., as Owner
of the M/V ALNIC MC, for
Exoneration from or Limitation
of Liability
```

No. 18-CV-1359 (LAP)

MEMORANDUM AND ORDER

LORETTA A. PRESKA, Senior United States District Judge:

Before the Court is Claimant Jennifer Simon's motion, individually and as Personal Representative of the Estate of Kevin Bushell, for an order confirming her status as Personal Representative of the Estate of Kevin Bushell (the "Motion"). (See dkt. no. 521.)  Claimant Karen Bushell opposes the Motion, in part, but accepts Simon's status as the Personal Representative of the Estate of Kevin Bushell (the "Personal Representative"). (See dkt. nos. 523, 525, 527.)  For the reasons set forth below, the Court holds that (a) Jennifer Simon is the Personal Representative of the Estate of Kevin Bushell (the "Estate"), and (b) Karen Bushell may maintain her own claim against Petitioner in the above-captioned case to recover individually for losses incurred as a result of the death of her son, Kevin Bushell.

I.   **Background**

The Court assumes basic familiarity with the key facts and procedural history of this case.

Simon's motion arises from a dispute over who may serve as the Personal Representative of the Estate.  Kevin Bushell was an officer in the United States Navy serving aboard the USS JOHN S MCCAIN (the "USS McCain") when the USS McCain collided with the motor vessel, M/V ALNIC MC, owned by Petitioner Energetic Tank, Inc.  (See dkt. no. 32 ¶¶ 5-6.)  Kevin Bushell died as a result of the collision.  (See id. ¶ 6.)  On April 10, 2018, Simon, Bushell's widow, filed both a claim for wrongful death and an answer to Petitioner's verified complaint.  (See generally id.; see also dkt. no. 33.)  On June 14, 2018, Karen Bushell, the mother of Kevin Bushell, filed an answer to Petitioner's complaint individually and as Personal Representative of the Estate.  (See dkt. no. 75.)

At some point later in 2018, Simon filed a petition in Maryland state court seeking to appoint herself as the Personal Representative and remove Karen Bushell from the position.  See Simon v. Bushell, 2020 WL 6624936, at *2 (Md. Ct. Spec. App. Nov. 12, 2020). On November 12, 2020, the Maryland Court of Special Appeals reversed the lower court's decision that had denied Simon's petition and instructed the lower court to substitute Simon in place of Karen Bushell as the Personal Representative of the Estate.  See id. at *6.

On August 24, 2021, Simon filed a letter motion in the above-captioned case in which she indicated an intention to file an amended claim and an amended answer.  (See dkt. no. 303.)  After

2

no parties objected, on September 13, 2021, Simon filed her amended claim and amended answer both in her individual capacity and as Personal Representative of the Estate.  (See dkt. nos. 305-06.)

On January 23, 2024, Simon filed the Motion, in which she seeks an order confirming her status as Personal Representative so that she may, in that role, recover damages on behalf of all dependents of her late husband.  (See dkt. no. 521; see also dkt. no. 522 at 5-6.)  In her response, Karen Bushell (a) states no opposition to confirmation of Simon's status as the Personal Representative, but (b) requests that the Court permit her to maintain her claim for damages in her individual capacity.  (See dkt. no. 523 at 1.)

## II.  **Discussion**

Because the Maryland Court of Special Appeals has already ordered the substitution of Simon as the Personal Representative of the Estate, and because Karen Bushell raises no objection, the Court grants Simon's request to confirm her status as Personal Representative.

However, the Court will permit Karen Bushell to maintain her own claim for damages in her individual capacity.

Both Simon and Karen Bushell assert wrongful death claims in the instant case.  As Judge Crotty held before the above-captioned case was reassigned to the undersigned, each of those wrongful death claims in this case—including those asserted by Karen Bushell

3

and Simon—are governed procedurally by the Death on the High Seas Act, 46 U.S.C. §§ 30301 et seq ("DOHSA"). (See dkt. no. 501 at 8.) Under DOHSA, a wrongful death action may be asserted by "the personal representative of the decedent . . . against the person or vessel responsible."   See 46 U.S.C. § 30302.   Such action brought by the personal representative "shall be for the exclusive benefit of the decedent's spouse, parent, child, or dependent relative."   Id.

Thus, under DOHSA, "only the personal representative of the deceased may bring suit for wrongful death."   Alcabasa v. Korean Air Lines Co., Ltd., 62 F.3d 404, 407 (D.C. Cir. 1995); see also Credle v. United States, 904 F. Supp. 2d 527, 528 (D. Md. 2012) (same).   The personal representative in a DOHSA wrongful death action "has a fiduciary duty to bargain for the rights of all the decedent's beneficiaries and to turn over to them their appropriate share of any proceeds."   Alcabasa, 62 F.3d at 408 (citing Chicago, Burlington & Quincy R.R. v. Wells-Dickey Tr. Co., 275 U.S. 161, 163 (1927), and Calton v. Zapata Lexington, 811 F.2d 919, 922 (5th Cir. 1987)).   It is also, by definition, a position akin to a "court-appointed executor or administrator of [the decedent's] estate, not merely an heir[]" of the decedent.   Credle, 904 F. Supp. 2d at 528 (quoting Alcabasa, 62 F.3d at 407).

Because the personal representative of the decedent's estate is the only person who may bring a wrongful death claim under

DOHSA, other beneficiaries of the estate generally lack standing to maintain their own wrongful death claims. See id. However, courts have recognized an exception to the sole authority of the personal representative to bring suit, through which exception a "potential beneficiary of a wrongful death claim may be permitted to intervene in a suit if he can establish that his interests are at odds with the decedent's personal representative" who has asserted the wrongful death claim under DOHSA. Alcabasa, 62 F.3d at 408.

Therefore, because she is no longer the Personal Representative of the Estate, Karen Bushell cannot maintain a separate wrongful death cause of action against Petitioner unless she has a conflict of interest with Simon. Thus, the question becomes whether any such conflict of interest exists.

Karen Bushell asserts two bases for why such a conflict of interest exists. First, she notes that, in the Maryland state court action in which Simon petitioned to replace her as the Personal Representative, Simon's attorney argued that there was an "inherent conflict of interest" if Karen Bushell continued as the Personal Representative because, in that case, the Estate would recover nothing under DOHSA. (See dkt. no. 523 at 2; see also id. Ex. D at 29:9-11.) Second, she asserts that Simon cannot advocate zealously for Karen Bushell's interests in the Estate because Simon has an incentive to maximize her own percentage of

the recovery proceeds a jury may grant to the Estate at trial.
(See dkt. no. 525 at 3-4.)  In other words, Karen Bushell argues
that, because it is in Simon's personal interest, as one of the
beneficiaries of the Estate, to recover for herself the greatest
percentage of the damages award granted to the entire Estate, it
conflicts with Karen Bushell's interest to recover the greatest
percentage possible of the same damages award.  In Karen Bushell's
view, every dollar of the proceeds that a jury awards to Simon as
a beneficiary of the Estate is a dollar not awarded to Karen
Bushell.  (See id. at 4.)  This tradeoff of finite resources, she
says, makes it unlikely Simon would seek, as she must as the
Personal Representative litigating on behalf of Karen Bushell and
any other of the Estate's beneficiaries, to maximize Karen
Bushell's share.

The Court finds the latter basis persuasive.

Simon herself has argued that her role under DOHSA as Personal
Representative of this Estate is to recover "'in the nature of a
trustee for the benefit of those persons on whose behalf the
statute authorizes recovery.'"  (See dkt. no. 522 at 5 (quoting
In re Southern S.S. Co., 135 F. Supp. 358, 360 (D. Del. 1955));
see also Blanco v. United States, 464 F. Supp. 927, 933 (S.D.N.Y.
1979) (citing In Re Southern S.S. Co. approvingly for the
proposition that a personal representative under DOHSA sues as a
trustee on behalf of the decedent's beneficiaries).  Due to the

6

trustee nature of a personal representative under DOHSA, the Court looks to relevant law on trusts for guidance on the existence of a potential conflict of interest that would permit Karen Bushell to maintain a separate cause of action from Simon's.

Just last year, in a case interpreting New York law on trusts, Judge Kaplan noted that a trustee owes a duty of loyalty to each of the trust's beneficiaries that is "inflexible . . . barring not only blatant self-dealing, but also requiring avoidance of situations in which a fiduciary's personal interest possibly conflicts with the interest of those owed a fiduciary duty." Kleeberg v. Eber, 665 F. Supp. 3d 543, 569 (S.D.N.Y. 2023) (quoting Birnbaum v. Birnbaum, 73 N.Y.2d 461, 466 (1989)).  As Judge Kaplan noted, there is a "particular concern" of potential conflicts of interest with other beneficiaries where the "trustee is also a beneficiary[,]" whereby the trustee has an "inherent conflict of interest with other [] beneficiaries."  Id. at 569-70 (internal quotations and citations omitted).  Federal statutes that create fiduciary duties for trustees likewise impose an "obligation to give [the] beneficiary [the trustee's] undivided loyalty, free from any conflicting personal interest[.]"  Board of Trs. of Aftra Ret. Fund v. JPMorgan Chase Bank, N.A., 806 F. Supp. 2d 662, 680 (S.D.N.Y. 2011) (assessing fiduciary duties owed under ERISA by the manager of a retirement fund); see also In re Eurospark Indus., Inc., 424 B.R. 621, 629 (Bankr. E.D.N.Y. 2010) (in proceedings

under the Bankruptcy Code, "courts may appoint a chapter 11 trustee where a debtor-in-possession's management has a conflict of interest that interferes with its ability to fulfill its fiduciary duties to the estate," including where the fiduciary has a "desire to maximize the amount of money she may recover for herself").

Here, as in Kleeberg v. Eber, the "trustee," i.e., the personal representative under DOHSA, is also a beneficiary of the Estate.  The Court finds that this creates the "inherent conflict of interest" Judge Kaplan cautioned against because while Simon, as Personal Representative, has an incentive to maximize the size of the recovery on behalf of all of the decedent's beneficiaries, she also has an incentive to maximize the portion of that recovery that she personally receives.  See Kleeberg, 665 F. Supp. 3d at 570.  Simon's incentive to maximize the proceeds that she personally recovers on behalf of the Estate necessarily means that she has the contrary incentive to minimize the portion of the recovery that goes to the Estate's other beneficiaries.  This is precisely the sort of possible conflict with the other beneficiaries—to whom Simon owes a fiduciary duty—that the law seeks to avoid.  See id. at 569.

This is of particular concern because, as Simon notes, as Personal Representative she owes a "fiduciary duty to submit each beneficiary's proofs to the jury for determination on the quantum of damages to which [each beneficiary] may be entitled."  (See

8

dkt. no. 526 at 4.)  Where, as here, the personal representative is a beneficiary herself, she may have an incentive to submit proofs that indicate she is owed a larger quantum of damages than other beneficiaries of the same estate.  It is very easy to anticipate that such a personal representative could not faithfully fulfill her fiduciary duty to recover the maximum amount possible for all other beneficiaries of the estate, lest their recoveries detract from her own.

Accordingly, the Court concludes that there exists a conflict of interest between Simon and Karen Bushell.  Therefore, Karen Bushell may maintain a separate claim in her individual capacity, separate and apart from Simon's claim as Personal Representative. See Alcabasa, 62 F.3d at 408.

## III.  Conclusion

Jennifer Simon is hereby confirmed as Personal Representative of the Estate of Kevin Bushell.  The Court hereby authorizes Karen Bushell to maintain a claim in her individual capacity.  The Clerk of the Court shall close docket entry number 521.

**SO ORDERED.**

Dated:    July 2, 2024
          New York, New York

_Loretta A. Preska_
_____
LORETTA A. PRESKA
Senior United States District Judge