```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| In the Matter of the Complaint of<br><br>ENERGETIC TANK, INC., as Owner of the M/V ALNIC MC, for Exoneration from or Limitation of Liability | No. 18-CV-1359 (LAP)<br><br>MEMORANDUM AND ORDER |

LORETTA A. PRESKA, Senior United States District Judge:

Before the Court is the motion in limine filed by claimants Andy Aceret, Jason Baldwin, Delando Beckford, Vares Belony, Carmelo Castro, Michael Collins, Jerrell Dean, Phillip Fields, Victor Granados, Kerrington Harvey, Byron Jamal Johnson, Milton Lovelace, Tracey Lovelace, Clember Miranda, Matthew Montgomery, Joshua Patat, John Ray, Davion Reese, Juan Romero, Rodrigo Tionquiao, Philip Torio, Dedrick Walker, Akimwalle Winter, James Woods, Michael Wuest, and Brandon York (the "Hofmann Claimants") seeking an order precluding Petitioner Energetic Tank, Inc. from introducing a copy of the Singapore Guidelines (defined infra) as evidence at trial. (See dkt. no. 582 [the "Motion in Limine" or "MIL"].)[1] The Hofmann Claimants' Motion in Limine is substantially

---

[1] In support of their Motion in Limine, the Hoffman Claimants have filed a memorandum of law, (see dkt. no. 582-1 [the "MIL Br."]), the Affirmation of Paul T. Hofmann and Exhibits 1-5 attached thereto, (see dkt. nos. 582-2 through 582-11 [the "Hofmann Aff."]), and a reply brief in further support of their Motion in Limine, (see dkt. no. 586 ["MIL Reply"].)

supported by claimants represented by Arnold & Itkin, LLP, (see dkt. no. 585), and claimants represented by Tabak, Mellusi & Shisha LLP, (see dkt. no. 587).  Petitioner has filed a response brief in opposition to the Motion in Limine.  (See dkt. no. 584 [the "Opposition" or "Opp."].)[2]

For the reasons set forth below, the Hofmann Claimants' Motion in Limine is denied.

I. **Background**

The Court assumes basic familiarity with the key facts and procedural history of this case.  However, the Court will briefly review the history of the parties' dispute with respect to the choice-of-law issues in the instant case, which are relevant to the Hofmann Claimants' Motion in Limine.

On August 21, 2017, the U.S.S. JOHN S. MCCAIN (the "McCain"), a Navy destroyer, collided with the M/V ALNIC (the "Alnic"), an oil tanker owned by Petitioner in the Singapore Strait.  See In re Energetic Tank, Inc., 607 F. Supp. 3d 328, 335 (S.D.N.Y. 2022).  Ten navy sailors died in the crash and dozens more were injured. Id.  All but one of the claimants who filed claims against Petitioner are Navy sailors or their representatives—the other

---

[2] In support of its Opposition, Petitioner has filed the Declaration of Christopher Odell and Exhibits 1-2 attached thereto. (See dkt. no. 584-1 through 584-3 [the "Odell Decl."].)

claimant was the United States, seeking damages for damage to the McCain. Id.

On November 22, 2019, Judge Crotty ruled that trial in the instant case would be split between two phases. (See dkt. no. 240.) In Phase I, the Court would conduct a bench trial on the apportionment of liability between Petitioner and the United States for the collision between the Alnic and the McCain. (See id. at 1-2.) In Phase II, the Court would conduct a trial for the claims for personal injury and wrongful death asserted by certain claimants and a determination of those claimants' damages. (See id. at 1; see also dkt. no. 419 at 1.)

On October 4, 2019, Petitioner moved for a ruling that Singapore law applies to the substantive issues of liability and damages in the instant case. (See dkt. no. 209.) After extensive briefing and oral argument over the next two months, Judge Crotty granted Petitioner's motion and issued a decision that Singapore law "provides the appropriate body of substantive law" on the "issues of liability and damages" in this case. In re Energetic Tank, Inc., 18-cv-1359 (PAC), 2020 WL 114517, at *7 (S.D.N.Y. Jan. 10, 2020). Three groups of claimants moved to reconsider the decision, which motion Judge Crotty denied on February 28, 2020. See In re Energetic Tank, Inc., 18-cv-1359 (PAC), 2020 WL 978257, at *1, 6 (S.D.N.Y. Feb. 28, 2020).

Judge Crotty presided over a bench trial on Phase I of the proceedings over five days in November 2021.  See In re Energetic Tank, Inc., 607 F. Supp. 3d at 336.  In a written opinion issued June 15, 2022, Judge Crotty determined that, under Singapore law, the McCain was 80 percent at fault for the collision and that the Alnic was 20 percent at fault.  See id. at 336, 358, 372-73.  On February 28, 2023, Judge Crotty determined that Phase II of the proceedings, the trial for wrongful death and personal injury claims and the determination of those claimants' damages, would be conducted before a jury.  (See dkt. no. 501 at 1.)  In his decision ordering a jury trial for Phase II, Judge Crotty reiterated that the jury would "determine damages under Singapore law."  (See id. at 7.)

On April 3, 2024, the instant case was reassigned from Judge Crotty to the undersigned.

The Hofmann Claimants filed their Motion in Limine on June 21, 2024, seeking an order precluding Petitioner from introducing the "Guidelines for the Assessment of General Damages in Personal Injury Cases" (the "Guidelines") at the Phase II trial.  (See MIL; MIL Br. at 3.)  Several other claimants wrote briefs substantially supporting the Motion in Limine, (see dkt. nos. 585, 587), and Petitioner filed its Opposition on July 12, 2024, (see Opp.).

## II. Discussion

The Guidelines is a book first published in 2010 by Singapore courts that serves as a compendium of damages awards that courts in Singapore have previously issued. (See MIL Br. at 3; Opp. at 4.) The Guidelines functions as a composition of court precedent on past damages awards and lists likely ranges of compensation for a plaintiff or claimant based on the type and extent of his or her injury. (See MIL Br. at 6; Opp. at 4.) Because of this, Singapore courts rely on the past cases and awards contained in the Guidelines to determine damages in the cases before them. (See Opp. at 4 (citing Hofmann Aff. Ex. 4).)

The Court first notes that Petitioner makes clear in its Opposition that it "does not intend to introduce the Guidelines . . . as evidence for the jury[] unless the Court instructs otherwise." (Id. at 8.) Petitioner also notes that it does not intend to call an expert on Singapore law to testify about the Guidelines, either. (See id.) These concessions effectively moot the bulk of the Hofmann Claimants' Motion in Limine. Accordingly, the Court finds, on consent, that the Guidelines shall not be admitted as evidence at the Phase II proceedings and excludes testimony about the Guidelines from any expert on Singapore law that Petitioner may call to testify at the Phase II proceedings.

5

Second, the Court notes that the Hofmann Claimants' Motion in Limine is largely a thinly veiled, bordering on explicit, second motion for reconsideration of the Court's previous decision that Singapore law applies both to the apportionment of liability and the determination of damages in this case. (See MIL Br. at 13 (urging the Court "to reconsider the viewpoint that . . . damages here need to be decided under Singapore law").)

As described above, the Court already denied the motion for reconsideration filed by the Hofmann Claimants and other claimants four-and-a-half years ago. See In re Energetic Tank, Inc., 18-cv-1359 (PAC), 2020 WL 978257, at *6 (S.D.N.Y. Feb. 28, 2020). Both Federal Rule of Civil Procedure 60 and Local Civil Rule 6.3 place limits on the time period within which a party may move for reconsideration of a prior order. See Fed. R. Civ. P. 60(c) ("A motion under Rule 60(b) must be made within a reasonable time[.]"); Local Rule 6.3 (stating "a notice of motion for reconsideration must be served within 14 days after the entry of the court's order being challenged"). Pursuant to these rules, "[t]he Second Circuit has found delays much shorter than [the one exhibited by the Hofmann Claimants] to be unreasonable." Malik v. Mackey, 2009 WL 255861, at *1 (S.D.N.Y. Jan. 30, 2009) (citing Truskoski v. EPSN, Inc., 60 F.3d 74, 77 (2d Cir. 1995)) (denying as untimely a motion to reconsider filed two years after the court's original opinion). On this basis, the Hofmann Claimants motion is denied.

6

In addition, however, the Court notes that the Hofmann Claimants appear to move to reconsider to "advance new . . . issues or arguments not previously presented to the Court[.]" Davidson v. Scully, 172 F. Supp. 2d 458, 461 (S.D.N.Y. 2001). In particular, they argue that (a) because "damages quantification under Singapore law is procedural . . . U.S. damages quantification law should apply[]" to the Phase II proceedings and (b) the Court "should apply the legal concept of depecage" which would allow the Court to assess damages under the law of the United States even though it previously applied Singapore law for the determination of liability apportionment. (See MIL Br. at 14.) The Court can find no previous instance in which the Hofmann Claimants advanced the argument that damages is a procedural issue when the parties first briefed and argued the choice-of-law issue. (See dkt. nos. 216, 236.) With respect to depecage, the Hofmann Claimants only "t[ook] up th[at] argument[]" for the first time in their reply brief for their initial motion for reconsideration over four years ago, and the line of argument was entirely absent from any claimant's initial briefing or argument on the choice-of-law issue except for a "fleeting[]" mention at oral argument in November 2019 by claimant Francesco Sanfilippo—who has since been dismissed from this case. See Energetic Tank, 2020 WL 978257, at *4-5. Therefore, the Hofmann Claimants' attempt to raise these new issues on a thinly veiled

7

motion for reconsideration reveals a manifestly improper purpose for their motion.  See Davidson, 172 F. Supp. 2d at 461 (citing Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995)). They do not point to "controlling decisions or factual matters" that the Court previously overlooked and "might reasonably [have] be[en] expected to alter the conclusion reached by the court," which is what is typically required to warrant reconsideration. DGM Invs., Inc. v. N.Y. Futures Exch., Inc., 288 F. Supp. 2d 519, 523 (S.D.N.Y. 2003) (quoting Banco de Seguros Del Estado v. Mut. Marine Offices, Inc., 230 F. Supp. 2d 427, 428 (S.D.N.Y. 2002) and Shrader, 70 F.3d at 257).  As such, the Court denies the Hofmann Claimants' motion on this basis as well.

Finally, to the extent Petitioner argues in its Opposition that it seeks only to provide the Guidelines for the Court's use in fashioning jury instructions in Phase II proceedings, it may do so.  Because the jury's determination of damages is an issue of substantive law that may require reference to the precedent of the damages awards under Singapore law—the substantive law to be applied in the Phase II proceedings—the jury instructions may incorporate the Guidelines.

The Hofmann Claimants argue Singapore law on the "quantification of damages" is a matter of procedure rather than substantive law and thus cannot be applied in the Phase II proceedings.  (See MIL Br. at 4, 6; MIL Reply at 2.)  Their

8

argument rests on the contention put forth by their expert on Singapore law that damages calculations are procedural under Singapore law because they "involve evidentiary issues." (MIL Br. at 6.) In other words, they do not assert that the quantification of damages is a procedural issue in United States federal courts. They do, however, concede that damages is a matter of substantive law in United States courts. (See MIL Reply at 8 (noting Petitioner's prior arguments "obviously point to U.S. substantive law of damages being applied in this matter").

Second Circuit precedent confirms the view that determining damages is a substantive issue of law. In Pescatore v. Pan American World Airways, Inc., the Court of Appeals held that, where the choice-of-law analysis for the district court sitting by federal question jurisdiction pointed to the application of Ohio law, "the law of Ohio furnishe[d] the proper substantive principles for determining the compensability of the plaintiff's damages[,]" including the amount of damages awarded. 97 F.3d 1, 14-15, 18 (2d Cir. 1996) (emphasis added). Similarly, in Lady Nelson, Ltd. V. Creole Petroleum Corp., the Court of Appeals clearly held that, under United States maritime law, the law on the apportionment of damages after a collision of sea vessels is governed by the law of the place where the accident occurred. 286 F.2d 684, 686 (2d Cir. 1961); see also The Mandu, 102 F.2d 459, 463 (2d Cir. 1939) (the law of the country where the maritime collision occurred "not only

9

determines the existence of the liability but also generally determines the measure of it"). Indeed, in its initial decision on the choice-of-law issue in the instant case, the Court stated clearly that "Singapore law[] is the proper choice of law to determine <u>substantive</u> issues of liability <u>and damages</u>." <u>In re Energetic Tank, Inc.</u>, 18-cv-1359 (PAC), 2020 WL 114517, at *7 (emphasis added).

The Hofmann Claimants' argument to the contrary, which rests on the view that damages calculations are procedural <u>under Singapore law</u>, would lead the Court and this case into the "bog" of renvoi. <u>Makarova v. United States</u>, 201 F.3d 110, 114 (2d Cir. 2000). "Renvoi" refers to a situation in which a court applying foreign law, as is the case here, would apply a rule of the foreign law that would "refer back to the law of the forum state, thus creating an endless cycle in which the conflicts provisions of each state point to the application of the other state's law." <u>Weiss v. La Suisse, Societe D'Assurances Sur La Vie</u>, 293 F. Supp. 2d 397, 402 n.1 (S.D.N.Y. 2003). In such cases, the Court must "ignore [the foreign state's] conflicts laws while importing only its local law." <u>Kim v. Co-op. Central Raiffeisen-Boerenleebank B.A.</u>, 364 F. Supp. 2d 346, 350 n.8 (S.D.N.Y. 2005) (in a case applying Singapore substantive law, declining to apply Singapore law in a way that would refer the court back to, and require it to apply, New York substantive law). As stated above, the calculation

10

of damages, is an issue of substantive law under United States maritime law.  As such, it may import Singapore's law on damages and the Court may not interpret such law to refer the Court back to the application of United States substantive law on damages.

Therefore, because the calculation of damages is an issue of substantive law, the Guidelines may be used to fashion instructions to the jury in its consideration of the calculation of damages at the conclusion of the Phase II proceedings.  When a court must apply a choice-of-law analysis, it thereafter instructs the jury on the substantive law that it must apply to determine the outcome.  See Every v. Makita USA, Inc., 2005 WL 2757952, at *2 (S.D.N.Y. Oct. 24, 2005) (noting that when a court sits in diversity the "law [that] will provide the substantive law in th[e] case . . . would control the instructions to the jury and . . . provide the substantive legal principles"); Celle v. Filipino Reporter Enters. Inc., 209 F.3d 163, 175, 182 (2d Cir. 2000); Geressy v. Digital Equipment Corp., 950 F. Supp. 519, 522 (E.D.N.Y. 1997); In re Fosamax Prods. Liab. Litig., 509 F. App'x 69, 71-72 (2d Cir. 2013).  Thus, in this case, the substantive law of Singapore will provide the legal principles that will govern the jury instructions.  As the Hofmann Claimants even admit by reference to their expert on Singapore law, Singapore courts refer to the Guidelines as precedent for past damages awards.  (See MIL Br. at 5, 7 (citing Hofmann Aff. Ex. 3).)  Thus, it serves as a

11

compilation of precedent of decisions on an area that the Court has already found is a substantive issue of law for the Phase II proceedings.  See In re Energetic Tank, Inc., 18-cv-1359 (PAC), 2020 WL 114517, at *7.  Accordingly, Petitioner may propose that the Guidelines will guide, if not govern, the instructions to the jury on the calculation of damages.

### III. Conclusion

For the foregoing reasons, the Hofmann Claimants' Motion in Limine is denied.  The Clerk of the Court shall close docket entry numbers 528 and 582.

**SO ORDERED.**

Dated:    August 27, 2024
          New York, New York

_____
LORETTA A. PRESKA
Senior United States District Judge