UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In the Matter of the Complaint,<br><br>of<br><br>ENERGETIC TANK, INC.,<br>as Owner of the M/V ALNIC MC,<br>for Exoneration from or Limitation of Liability | Case No. 1:18-cv-1359 (LAP) |

**PETITIONER ENERGETIC TANK, INC.'S RESPONSE TO
ARNOLD & ITKIN CLAIMANTS' MOTION FOR RECONSIDERATION**

# **CONTENTS**

Introduction ........................................................................................................................... 1

Argument .............................................................................................................................. 1

I.  The AI Claimants are Not Entitled to Reconsideration ....................................... 1

    A.  Disagreement with the Court's decision does not warrant reconsideration ............ 2

    B.  The Singapore *Guidelines* are substantive law ......................................................... 4

    C.  The AI Claimants should not be permitted to re-litigate jury instructions. ............ 6

II. The AI Claimants are not Entitled to Reconsideration on Remittitur ................................ 8

Conclusion ........................................................................................................................... 10

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Analytical Survs., Inc. v. Tonga Partners, L.P.*,
   684 F.3d 36 (2d Cir. 2012) ................................................................................................2

*Doe v. Trump Corp.*
   6 F.4th 400 (2d Cir. 2021) .................................................................................................9

*Goh Suan Hee v. Teo Cher Teck*,
   [2010] 1 SLR 367.............................................................................................................4, 5

*In re Energetic Tank*, *Inc.*
   No. 1:18-CV-1359-PAC-RWL, 2020 WL 978257 (S.D.N.Y. Feb. 28, 2020) .....................6

*In re Crude Oil Commodity Litig.*
   No. 06-CV-6677-NRB, 2007 WL 2589482 (S.D.N.Y. Sept. 8, 2007) ................................9

*Lee Teck Nam v. Kang Hock Seng Paul*
   [2005] 4 SLR(R) 14 .............................................................................................7, 7 n.1, 8

*Parrish v. Sollecito*
   280 F. Supp. 2d 145 (S.D.N.Y. 2003)...............................................................................10

*Power Auth. of N.Y. v. Tug M/V Ellen S. Bouchard*
   433 F. Supp. 3d 477 (S.D.N.Y. 2019)................................................................................2

*Steinberg v. Elkman*
   No. 15-CV-278-LTS-DCF, 2016 WL 1604764 (S.D.N.Y. Apr. 6, 2016) ...........................3

**Other Authorities**

28 U.S.C. § 1981a.........................................................................................................................10

INTRODUCTION

The Arnold & Itkin Claimants (AI Claimants) may not be the first party to file a motion for reconsideration from an order denying a motion for reconsideration, but their motion still manages to surprise. Despite two prior decisions denying motions to reconsider the Court's decision that Singapore law would apply to all issues, the AI Claimants not only challenge that same ruling *again*, they also completely ignore what the Court said about when reconsideration is appropriate. Like the first two motions for reconsideration, the AI Claimants' motion also rests on nothing more than disagreement with the Court's decision and arguments that they could have but declined to raise for strategic reasons the first time around. Also like the first two motions for reconsideration, the AI Claimants' arguments are substantively wrong.

First, none of the AI Claimants' arguments is properly raised on reconsideration. The AI Claimants already lost their argument that the Singapore *Guidelines* are procedural and their role at trial. As to their request to clarify that the *Guidelines* should be limited to a post-trial motion for remittitur, the AI Claimants raised this point in a meet-and-confer email but then omitted it from their briefing, thus waiving it as an issue for reconsideration. Worse, their motion includes yet another attack on the Court's choice-of-law ruling, which should be rejected again.

On the merits, the Court correctly applied Second Circuit precedent and found that jury instructions must reflect the applicable substantive law and that Singapore damages law includes common law precedent and the *Guidelines*. The AI Claimants rely on the same Singapore case that the Hoffman Claimants briefed to the court and cite nothing new to justify a do-over.

ARGUMENT

I.   **The AI Claimants are Not Entitled to Reconsideration**

The AI Claimants' argument for reconsideration is as convoluted as it is flawed. As they see it, the Court should reconsider its holding that jury instructions may incorporate Singapore's

1

damages *Guidelines* because the Court incorrectly relied on renvoi in rejecting the Hoffman Claimants' argument that *Guidelines* do not apply because quantification of damages is procedural under Singapore law.  But this isn't renvoi, they say, because "[their] argument does not require (or even call upon) this Court to apply Singapore conflicts law" since their argument is only that the *Guidelines* are procedural.  Mot. at 7.  Therefore, the AI Claimants maintain, including the *Guidelines* in the jury instructions would mean importing Singapore procedural law and "threaten[] an unprecedented world in which this Court is not governed by U.S. procedural law, but the procedural law of a foreign jurisdiction." *Id.* at 8.  This is nonsense piled on nonsense piled on even more nonsense.  The AI Claimants do not satisfy the strict standard for reconsideration and their argument is wrong on the merits.  Further, the Court should reject the AI Claimants' covert argument for reconsideration of the Court's prior rulings on Singapore law.

### A.  Disagreement with the Court's decision does not warrant reconsideration

Contrary to the AI Claimants' motion (at 4-5), reconsideration is not proper every time a party disagrees with a court's decision.  Federal courts have consistently emphasized that "[t]he standard [for reconsideration] is 'strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked.'" *Power Auth. of N.Y. v. Tug M/V Ellen S. Bouchard*, 433 F. Supp. 3d 477, 478 (S.D.N.Y. 2019) (quoting *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012), *as amended* (July 13, 2012).  While the AI Claimants are correct that courts have discretion to grant reconsideration on the basis of "clear error," that is not the end of the story.  As this Court explained in denying the first two reconsideration motions, "[r]econsideration of a court's prior decision is 'limited' by the doctrine of the law of the case." Dkt. 267 at 2 (internal quotation marks omitted).  This means that "where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again." *Id.* (internal quotation marks omitted).

2

In other words, "mere disagreement does not justify reconsideration." *Id*. at 7; *see also Steinberg v. Elkman*, No. 15-CV-278-LTS-DCF, 2016 WL 1604764, at *1 (S.D.N.Y. Apr. 6, 2016) (same). Further, "reconsideration may not be used to advance new facts, issues or arguments not previously presented to the Court, nor be used as a vehicle to introduce new theories or adduce new evidence in response to the court's rulings." Dkt. 267 at 3 (internal quotation marks and citations omitted).

But the AI Claimants barely even attempt to hide that their motion is just an expression of disagreement with the Court's decision. They identify no changes in law, highlight no facts or law the Court overlooked, and repeat the same argument as the Hoffman Claimants that the *Guidelines* should not apply because quantification of damages is procedural under Singapore law. *Compare* Mot. at 7-8, *with* Dkt. 582-1 at 4-9. The AI Claimants even rely on the same Singapore law decision—*Goh Suan Hee*—that the Hoffman Claimants relied upon. *Compare* Mot. at 7, 7 n.3 (discussing *Goh Suan Hee* and citing to Ms. Leong's opinions on the decision), *with* Dkt. 582-1 at 7 (discussing *Goh Suan Hee* and Ms. Leong's views on the decision). And they rely on overlapping sections from the Hoffman Claimants' Singapore law expert's report and deposition. *Compare* Mot. at 7 n.3, 8 n.5, *with* Dkt. 582-1 at 7-8. The AI Claimants' disagreement with the Court's decision based on the same arguments and authorities does not warrant reconsideration.

Nor can the AI Claimants' disagreement with the Court's reference to renvoi provide a basis for seeking reconsideration. They insist that their argument does not actually implicate renvoi since what they're really saying is that Singapore's *Guidelines* do not apply at all because they are procedural and not substantive and, therefore, they are not asking the Court to apply Singapore's choice-of-law rules. There are three problems with this argument.

First, if the AI Claimants disagreed with Petitioner's characterization of Claimants' argument on quantification of damages, then they should have said so before the Court ruled. *See*

3

Dkt. 267 at 3 (explaining that reconsideration is not "a vehicle to introduce 'new theories or adduce new evidence in response to the court's rulings'"). Because they made a decision to say nothing about renvoi the first time around, and instead waited to see how the Court would rule on the issue, the AI Claimants should not be permitted to use reconsideration to get a do-over after the parties already "battled for the court's decision." Dkt. 267 at 2. Second, the Court was *right* not to rely on Singapore's characterization of its damages law as part of the choice-of-law analysis—like the Hoffman Claimants, the AI Claimants are silent about the "Second Circuit precedent [that] confirms the view that determining damages is a substantive issue of law." Dkt. 602 at 9-10 (discussing and explaining Second Circuit case law). These are among the cases that Petitioner also cited in response to the Hoffman Claimants' motion for reconsideration (Dkt. 584 at 13), meaning that there was ample opportunity for all Claimants to address these cases. The AI Claimants have now *twice* failed to address this precedent, firmly solidifying their waiver of the point. Third, for the reasons explained below, the AI Claimants' argument is wrong.

### B.     The Singapore *Guidelines* are substantive law

The AI Claimants argue that the *Guidelines* are "procedural" and that the Court therefore erred in stating that they could be used in jury instructions. Mot. at 7. However, the AI Claimants' argument rests entirely on *Goh Suan Hee v. Teo Cher Teck* [2010] 1 SLR 367, but that decision fully supports this Court's ruling. Mot. at 7, 7 n.3.

*Goh Suan Hee* is about *forum non conveniens* and never even mentions the *Guidelines*. Dkt. 584-2. In the course of addressing choice of law, the decision explains that the traditional common law view is that "the question of quantification of damages is one of procedure and is thus governed by the *lex fori*." *Goh Suan Hee* [2010] 1 SLR 367 at [16]. But *Goh Suan Hee* also states that the traditional view, which distinguished "a head of claim from the question of quantum appears to be wholly artificial." *Id*. at [21]. It then states that, not only should "the law of the

4

place where the wrong was committed … govern the rights and duties of the parties," but that "[t]hese rights must necessarily include the heads of claim as well as the quantification for the wrong done as they will collectively determine the amount of damages payable to the injured." *Id*. And in assessing a jurisdiction's damages law, *Goh Suan Hee* states that courts should "make no distinction between rules governing the question of quantum whether laid down in statutes or in case law (if the tort had occurred in a common law country). *Common law is no less law*." *Id*. at [23] (emphasis added).

Petitioner previously explained all of this but the AI Claimants continue to ignore this language and state in a footnote only that the principle that quantification of damages is procedural "has never been overruled." Mot. at 7 n.3. The AI Claimants cite a brief passage from the deposition of the Hoffman Claimants' Singapore law expert who states, with no analysis or mention of *Goh Suan Hee*, that "as far as my further looking up shows," Singapore law still views quantification of damages as procedural. Dkt. 582-6 at 149:15-150:7. Tellingly, the AI Claimants' Singapore law expert testified that, in light of his review of *Goh Suan Hee*, he was not offering an opinion about "whether the quantification is procedural or whether it's a substantive matter." Dkt. 584-3 at 194:1-18.

In short, *Goh Suan Hee* confirms that Singapore substantive law includes common law precedent on damages and the *Guidelines*.[1] Dkt. 602 at 10-12. This is also consistent with the opinions of Petitioner's Singapore law expert, law professor and former Singapore judge Dorcas Quek Anderson. Dkt. 582-7 at 3-4 (¶¶ 11-13); Ex. 2 to Odell Decl., Supplement Opinion on Determination of Damages for Personal Injury Tort Claims in Singapore at 1-3 (¶¶ 4-6). Thus, as

---

[1] Petitioner has never "concede[d]" that "Singapore views quantification of damages solely as part of its *procedural* law" (Mot. at 7) and previously stated otherwise. Dkt. 584 at 10.

5

this Court recognized, because the *Guidelines* "serve[] as a compilation of precedent of decisions on an area that the Court has already found is a substantive issue of law for the Phase II proceedings," Dkt. 602 at 11-12, "the Guidelines will guide, if not govern, the instructions to the jury on the calculation of damages," *id*. at 12.  Equally important, the AI Claimants ignore the Court's discussion of Second Circuit precedent that determining damages is substantive; this is why reliance on Singapore's characterization of the issue as procedural implicates renvoi.  Dkt. 602 at 9-10.  The AI Claimants have waived any response.

        **C.**      **The AI Claimants should not be permitted to re-litigate jury instructions.**

Despite stating that they agree with the Court's ruling that "'the *substantive* law of Singapore will provide the legal principles that will govern the jury instructions,'" Mot. at 7 (emphasis in original), the AI Claimants mount a not-so-subtle attack on that ruling.  The AI Claimants explain in a footnote that jury instructions should actually look just like the New York Pattern Jury Instructions and Modern Federal Jury Instructions.  *Id*. at 8 n.5.  The AI Claimants insist that "Singapore substantive law" is "like New York law," because they both provide that "quantification of damages shall be based on 'what is fair and reasonable compensation to make the injured person whole.'"  *Id*. (quoting Dkt. 582-5 at 5 (¶14)).

First, the Court should reject this attempt to re-litigate its ruling on jury instructions.  In their motion in limine, the Hoffman Claimants made the same argument based on the same language from the same Singapore lawyer that the AI Claimants rely upon in footnote 5.  *Compare* Dkt. 582-1 at 5, *with* Mot. at 8 n.5.  The AI Claimants do not identify anything wrong or inconsistent with binding precedent about the Court's finding that the jury instructions should incorporate Singapore substantive law; their "mere disagreement does not justify reconsideration." *In re Energetic Tank, Inc.*, No. 1:18-CV-1359-PAC-RWL, 2020 WL 978257, at *4 (S.D.N.Y. Feb. 28, 2020).

Second, the premise for the AI Claimants' argument—that substantive Singapore law on damages can be reduced to the anodyne principle that "injured parties should be made whole"—is wrong.  As previously explained, substantive Singapore law on damages includes its common law precedent and the *Guidelines* themselves are just a compilation of that precedent.  *See supra* [5]; *see also* Dkt. 584 at 8-14; Dkt. 582-7 at 3-4 (¶¶ 11-13); Ex. 2 to Odell Decl., Supplement Opinion on Determination of Damages for Personal Injury Tort Claims in Singapore at 1-3 (¶¶ 4-6).  And this Court recognized Second Circuit precedent that jury instructions must reflect the applicable law, which in this case is Singapore's.  Dkt. 602 at 8-12.  The AI Claimants' reprise of the Hoffman Claimants' assertion that jury instructions should mimic New York or federal model instructions is just another way to try and remove substantive Singapore law from the case.

Regardless, the AI Claimants omit key language from the Singapore case that purportedly supports their argument.  The AI Claimants rely on the opinion of Ms. Leong, the Hoffman Claimants' Singapore law expert, who in turn relies on *Lee Teck Nam v. Kang Hock Seng Paul* [2005] 4 SLR(R) 14, which states that Singapore seeks to compensate injured persons for "what is fair and reasonable … to make the injured person whole." Mot. at 8 n.5 (citing Dkt. 582-5 at 5 (¶ 14)).  But *Lee Teck Nam* strongly reinforces the Court's decision about Singapore law, the *Guidelines*, and jury instructions.[2]  After restating the principle that damages should make the injured person whole, *Lee Teck Nam* then notes that it is easier to recite the principle than to apply it, that English courts follow the Judicial Studies Board Guidelines for the Assessment of Damages in Personal Injury Cases, which provide "a structured approach to the assessment of damages for the guidance of judges," and that in the absence of comparable guidelines in Singapore, "judges

---

[2] The *Lee Teck Nam* decision is attached as Annex 7 to Ms. Leong's report and starts at page 164 of Docket No. 582-5.

7

have perforce to resort to past cases for guidance." *Lee Teck Nam* [2005] 4 SLR(R) at [8]. The court then affirmed the damages award of $55,000 for pain and suffering associated with a leg injury by evaluating that amount in light of a prior Singapore High Court decision that approved an award of $45,000 for a leg injury that was less severe. *Id*. at [11], [13].

There are two points from *Lee Teck Nam* that stand out. The first is that, contrary to the AI Claimants' assertion, Singapore damages law does not simply consist of the injunction to make injured persons whole. Instead, *Lee Teck Nam* confirms Petitioner's position—which this Court adopted—that Singapore follows a precedent-based approach to determining damages that seeks to ensure consistency among awards. The damages analysis in *Lee Teck Nam* is centered on comparing the plaintiff's injury to relevant precedent. *Id*. at [11]-[13]. Again, this is consistent with Singapore law that treats common law precedent on damages as part of the substantive law. Dkt. 584 at 4-6, 11-13. The second point is that *Lee Teck Nam* identified England's damages guidelines as a model for ensuring consistency in awards, *id.* at [8], and, five years later, Singapore's courts published their own version in the form of the *Guidelines*. Dkt. 582-7 at 3-4 (¶ 12) (noting that *Guidelines* even adopted categories for injuries used in the U.K.'s version). In other words, *Lee Teck Nam* anticipated the value and role of the *Guidelines* to the proper determination of damages under Singapore substantive law. And, consistent with this reasoning, the Court here also correctly recognized that jury instructions in this case must include all of Singapore's law, including the *Guidelines*.

## II. The AI Claimants are not Entitled to Reconsideration on Remittitur

The Court should also reject the AI Claimants' argument to limit the *Guidelines*' application to post-trial briefing and remittitur. Mot. at 9-10. First, the AI Claimants cannot raise this argument on reconsideration when they failed to include it the original briefing. Dkt. 267 at 3; Dkt. 602 at 7-8. The AI Claimants previously argued that the *Guidelines* should not apply

8

because they are procedural and stated in a footnote that the *Guidelines* "are also *legal* matters for the Court to (hypothetically) consider post-trial. Not factual matters for the jury to consider as evidence during trial." *Id*. at 1 n.1. To the extent this even refers to their remittitur argument, it is not enough because arguments raised in footnotes "are generally deemed to have been waived," *In re Crude Oil Commodity Litig.*, No. 06-CV-6677-NRB, 2007 WL 2589482, at *3 (S.D.N.Y. Sept. 8, 2007). In fact, the Court previously recognized that Claimants cannot raise an argument on reconsideration that they only barely alluded to in the original briefing. Dkt. 267 at 9-10.

The AI Claimants' waiver is especially stark because they were "aware of this argument but failed to raise it." *Doe v. Trump Corp.*, 6 F.4th 400, 411 (2d Cir. 2021). During the meet-and-confer process, the AI Claimants expressly stated that the *Guidelines* were only relevant to remittitur. Ex. 1 to Odell Decl., Email from C. Itkin at 1 (May 16, 2024). Despite this, the AI Claimants omitted the remittitur argument from their briefing when the parties "battled for the court's decision." Dkt. 267 at 2 (internal quotation marks omitted). The argument is waived.

Second, the argument is wrong. The AI Claimants argue that if the Court just applies the *Guidelines* in a remittitur motion, then if the Second Circuit finds that the *Guidelines* should not have been applied, it can simply reverse the remittitur order and there will be no need for a new trial. *Id*. But this argument rests on the same flawed premise about the *Guidelines* as the AI Claimants' principal argument. Again, the Court properly found that the *Guidelines* "serve[] as a compilation of precedent of decisions of an area that the Court has already found is a substantive area of law for the Phase II proceedings." Dkt. 602 at 11-12. The AI Claimants do not maintain the Court overlooked any relevant controlling decision or data or address Second Circuit precedent that jury instructions on damages and quantification are substantive law that must be included in jury instructions. *Id*. It would make no sense to exclude the *Guidelines* as a relevant source of

9

Singapore law from the jury instructions while reserving them exclusively for a post-trial motion. This won't streamline proceedings; rather, it is an engraved invitation for legal error.

Moreover, the one rationale the AI Claimants offer for their bifurcated approach—that "statutory caps are 'properly excluded from jury instructions,'" Mot. at 10 (quoting *Parrish v. Sollecito*, 280 F. Supp. 2d 145, 155 (S.D.N.Y. 2003))—fails because the *Guidelines* are *not* statutory caps. *See* Dkt. 582-6 at 85:3-20, 86:20-88:1 (Hoffman Claimants' Singapore law expert noting that Singapore does not have damages caps), *id*. at 169:11-14 (stating that the *Guidelines* are "not a cap. The guidelines are guidelines. The guidelines say so. The case law say [sic] so."); Dkt. 584-3 at 196:17-197:2 (AI Claimants' Singapore law expert agreeing that *Guidelines* are not a cap and serve as "a mere guide to the range of damages"). Rather, the *Guidelines* are a starting point for evaluating non-pecuniary damages. Dkt. 582-7 ¶¶ 15-17. Further, the cases the AI Claimants rely upon for the proposition that juries are not informed about applicable statutory caps involved a federal statute that expressly provided that "the court shall not inform the jury of the [damages] limitations described in subsection (b)(3)." 28 U.S.C. § 1981a(c)(3).

Finally, AI Claimants erroneously argue that their position is "consistent with *Energetic Tank's* own prior position on this matter." Mot. at 9. Among the reasons to support the argument that the injury claimants were not entitled to jury trials, Petitioner pointed out that juries were not well-equipped to apply the *Guidelines*. Dkt. 407 at 3. Petitioner still hold this view. But there is nothing inconsistent about Petitioner's prior position and insisting that, if there are going to be juries, they must be instructed on all applicable Singapore law, which includes the *Guidelines*.

## CONCLUSION

For the foregoing reasons, the Court should deny the AI Claimants' motion for reconsideration.

Dated: September 24, 2024

          Respectfully submitted,

By:   *s/*Christopher M. Odell
Diana Sterk
diana.sterk@arnoldporter.com
James D. Herschlein
James.herschlein@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
250 W. 55th St.
New York, NY  10019
T: (202) 942-5000
F: (212) 836-6638

Christopher M. Odell
christopher.odell@arnoldporter.com
Amanda Thomson
Amand.thomson@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
700 Louisiana St., Ste. 4000
Houston, Texas 77098
T: (713) 576-2400
F: (713) 576-2499

David J. Weiner
david.weiner@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave. NW
Washington, DC  20001
T: (202) 942-5000
F: (202) 942-5999

Thomas H. Belknap Jr
Thomas.belknap@BlankRome.com
Noe S. Hamra
noe.hamra@blankrome.com
Alan M. Weigel
alan.weigel@blankrome.com
BLANK ROME LLP
1271 Avenue of the Americas
New York, NY 10020
T: (212) 885-5000

*Counsel for Petitioner Energetic Tank, Inc., as Owner of the M/V Alnic MC*

11

## CERTIFICATE OF SERVICE

I hereby certify that, on September 24, 2024, I caused the foregoing to be filed on this Court's CM/ECF system for service on all record counsel.

                                        s/ Christopher M. Odell
                                        Christopher M. Odell