UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| In the Matter of the Complaint of ENERGETIC TANK, INC., as Owner of the M/V ALNIC MC, for Exoneration from or Limitation of Liability | No. 18-CV-1359 (LAP)<br><br>MEMORANDUM AND ORDER |
|---|---|

LORETTA A. PRESKA, Senior United States District Judge:

The wrongful death claimants in the above-captioned case represented by the firm Arnold & Itkin, LLP (the "AI Claimants") have filed a motion for reconsideration, (see dkt. no. 605 ["Motion" or "Mot."]), in which they ask the Court to reconsider its Memorandum and Order, dated August 27, 2024, in which the Court permitted Petitioner Energetic Tank, Inc. to propose before the Phase II trial proceedings jury instructions that include the "Guidelines for the Assessment of General Damages in Personal Injury Cases" published by Singapore courts (the "Guidelines"), (see dkt. no. 602 [the "Opinion"]).  Petitioner has filed a memorandum in opposition, (see dkt. no. 611), in response to which the AI Claimants have filed a reply brief, (see dkt. no. 617).

The AI Claimants' Motion is denied in part and granted in part.  The Court will also offer minor clarification on its prior Opinion.

Before the above-captioned case was reassigned to the undersigned, Judge Crotty ruled that a choice-of-law analysis required that that issues of substantive law, including determinations of liability and damages, would be decided by Singapore law. In re Energetic Tank, Inc., 18-cv-1359 (PAC), 2020 WL 114517, at *7 (S.D.N.Y. Jan. 10, 2020). After reassignment, this Court held in the Opinion that because (a) calculating damages is a question of substantive law in the federal legal system and (b) a jury must be given instructions on the substantive law to be applied to reach its verdict in the Phase II proceedings in the instant litigation, the Guidelines—which serves as a compilation precedent of past damages awards entered in cases the Singapore legal system—"may be used to fashion instructions to the jury in its consideration of the calculation of damages[.]" (Opinion at 11 (emphasis added).)

In so ruling, the Court rejected the argument put forth by several claimants and supported by the AI Claimants that because Singapore courts categorize the damages quantification as procedural, rather than substantive, the Court could not apply Singapore damages law, including the Guidelines. (See id. at 7-10.) One of several reasons the Court rejected the claimants' argument was that refusing to apply the Guidelines because Singapore courts treat damages as procedural—as claimants proposed—would lead the Court into renvoi, whereby the Court would

2

have to refer back to the law of the forum state and back again to Singapore law. (See id. at 10.)

In their Motion, the AI Claimants correctly note that renvoi arises in situations in which a court's choice-of-law analysis would result in applying a foreign forum's conflicts-of-law rules, thereby creating an endless vicious cycle of applying each forum's conflicts analysis. (See Mot. at 5-7.) The Court acknowledged this point in its Opinion, noting that renvoi is specifically an issue about applying the foreign state's conflicts law and stating that avoiding renvoi required the Court to "'"ignore [the foreign state's] conflicts laws while importing only its local law.'" (Opinion at 10 (quoting Kim v. Co-op. Central Raiffeisen-Boerenleebank B.A., 364 F. Supp. 2d 346, 350 n.8 (S.D.N.Y. 2005).) The AI Claimants argue the Court's decision to apply Singapore damages law wrongly rested on avoiding renvoi because the Court would not specifically have to import Singapore's conflicts law. (See Mot. at 6-7.) Although technically true that the Court would not apply Singapore conflicts law, the principle underlying the Court's Opinion remains, because refusing to applying Singapore damages law would similarly lead the Court down a vicious feedback loop between United States federal law and Singapore law.

Specifically, claimants asked the Court not to apply Singapore damages law because, even though damages is a matter of substantive law in the United States, it is procedural in

3

Singapore.  Therefore, according to claimants, the Court would impermissibly import foreign procedural law to determine damages. But that logic would lead the Court to a dead end.

Pursuant to Judge Crotty's sound choice-of-law analysis, the substantive law of Singapore applies in the instant case.  See In re Energetic Tank, Inc., 2020 WL 114517, at *7.  Because damages law is an issue of substantive law here in the federal court system, (see Opinion at 8-9), issues of damages must be determined according to substantive law.  Although the Court understands the AI Claimants' argument that it may not apply foreign procedural law in the instant case, refusing to apply Singapore damages law because Singapore courts consider it procedural would lead the Court without any damages law to apply.  Determining damages is a matter of substantive law in the forum state.  But because the Court may not apply the substantive law of the forum state in the instant case, it may not apply federal damages law.  If the Court then could not apply Singapore damages law because it cannot apply Singapore "procedural" law, which forum's law would the Court be left to follow in determining damages?  There would be none.  That is the vicious cycle the Court sought to avoid when it referenced the doctrine of renvoi in its Opinion.  That no claimants ask the Court to apply Singapore's conflicts law is irrelevant.

However, the Court will clarify the extent of its previous Opinion.  The Court only held that "Petitioner may propose that

4

the Guidelines will guide, if not govern, the instructions to the jury on the calculation of damages" and that "the Guidelines <u>may</u> be used to fashion instructions to the jury in its consideration of the calculation of damages at the conclusion of the Phase II proceedings." (Opinion at 11-12 (emphasis added).) The Court issued no mandate that the Guidelines shall be incorporated into the instructions it provides to the jury before its deliberations in the Phase II proceedings.

The Court's Individual Practices provides for the joint submission of proposed jury instructions. (<u>See</u> Individual Rule 3(b).) In fashioning the final jury instructions, the Court will receive the instructions proposed by the parties before each bellwether trial and resolve them at or about the conclusion of the evidence at each such trial. As is the practice before every jury trial, the parties may propose instructions regarding the relevant substantive law the jury should apply to render a verdict. That remains the case here and is consistent with the Court's prior Opinion. That the Court will permit Petitioner to propose jury instructions that incorporate the Guidelines does not mean that the final jury instructions shall include the relevant portions of the Guidelines. The final instructions are subject to resolution at the final pretrial conference and at the conclusion of the parties' presentation of evidence at trial.

The Court further acknowledges that while it is "properly within the province of the jury to calculate damages," where there is an "upper limit" to damages awards, it is a "question of law[]" whether the jury's award "has [] surpassed" that upper limit. Johnson v. City of New York, 593 F. Supp. 3d 58, 67 (S.D.N.Y. 2022) (quoting Morales v. City of New York, 2001 WL 8594, at *4 (S.D.N.Y. Jan. 2, 2001)). In resolving such a question of law, the Court must "look[] to awards in comparable cases," as Petitioner seeks to do here by reference to the Guidelines. Id. (citing Ismail v. Cohen, 899 F.2d 183, 186 (2d Cir. 1990)). And, in cases in which the substantive law imposes a cap on damages, such as in Title VII cases, compliance with such a cap is determined by a court "only after a verdict is submitted[]" by the jury. Parrish v. Collecito, 280 F. Supp. 2d 145, 155 (S.D.N.Y. 2003) (citing Luciano v. The Olsten Corp., 110 F.3d 210, 221 (2d Cir. 1997)).

Thus, in light of the fact that the Guidelines provides ranges for damages awards under Singapore law, a party may file for a remittitur after each bellwether trial if the party perceives the jury's award to a claimant to be out of the range permitted by the applicable Guideline.

Accordingly, the AI Claimants' Motion is denied to the extent it requests reconsideration of the potential incorporation of the Guidelines into jury instructions in Phase II proceedings. It is granted to the extent it requests the Court to permit a party to

file a remittitur after a bellwether trial to ensure the jury's award comports with the Guidelines.

The Clerk of the Court is directed to close docket entry number 605.

**SO ORDERED.**

Dated:   October 9, 2024
         New York, New York

_____
LORETTA A. PRESKA
Senior United States District Judge