# HOFMANN & SCHWEITZER

COUNSELLORS AT LAW AND PROCTORS IN ADMIRALTY<br>
212 West 35th Street, 12th Floor<br>
New York, NY 10001<br>
Telephone: (212) 465-8840<br>
Fax: 844-570-8674

PAUL T. HOFMANN*
TIMOTHY F. SCHWEITZER*
DARIO A. CHINIGO*
NICOLE VERA **

NEW JERSEY OFFICE:
1130 ROUTE 202 SOUTH, SUITE A7
RARITAN, NJ 08869
(908) 393-5662

*Also Admitted in NJ

** Also Admitted in NJ & FL

October 28, 2024

Hon. Judge Loretta A. Preska.
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Ctrm: 14C
New York, NY 10007

Re:   In the Matter of the Complaint of ENERGETIC TANK, INC., as Owner of the M/V ALNIC MC, for Exoneration from or Limitation of Liability
1:18cv1359 (PAC) (RWL)

Dear Judge Preska:

As you will recall, our office represents numerous injured U.S. Navy sailors, primarily officers who were on the USS JOHN S. MCCAIN when it was involved in the collision with the M/T ALNIC in Singapore Straits seven years ago. I write to ask your assistance in helping resolve the few remaining claims my office is handling, and in particular, requesting you to refer those few cases to a Magistrate Judge to compel and oversee negotiations to settle those cases, with a requirement that insurance interests attend. The bases for this request follow.

Our office was retained originally by 27 injured MCCAIN sailors. To date, 21 of those cases have been resolved through intense negotiations, and one was dismissed due to non-cooperation in discovery. Remaining are five claims for active duty Naval personnel. It is believed that based on precedent from the prior negotiations, there is a reasonable likelihood that those can be settled. The problem is getting the ALNIC's insurance interests to the table.

As you will also recall, you have directed "bellwether" trials for personal injury cases and wrongful death cases. When I had 20+ unresolved cases, that procedure seemed to be an appropriate process to help resolve the glut of cases we had. Now that most of the cases have been resolved, and there is a reasonable likelihood that one or more of the remainder of my cases can settle, a "bellwether" trial may not be necessary, because there may be fewer or no claims to be tried. Determining which, if any, need to be tried should be a priority, rather than expending large amounts of resources and time preparing for litigation that may not occur. The ALNIC interests seem to be more interested in spending enormous amounts of time and resources on preparing for a bellwether proceeding that may never occur.

HOFMANN & SCHWEITZER

-Page 2-

    My remaining clients have asked me to discuss settlement of their cases, knowing so many others have been resolved, but I am being stymied in doing so. For this reason we ask you to refer us to a Magistrate Judge.

    Of importance, all five of my remaining unresolved claimants are still on active duty in the Navy - protecting us in a very dangerous world. Being able to have them appear at the proposed bellweather trial may be difficult or impossible. I likely will need a court order to the Department of the Navy to allow them to travel to New York and participate in the trial(s). Whether the Navy would comply, I do not know, but I have to find out. Further, spending time now aligning witnesses, exhibits and other evidence for trials that may not come about because the cases will be resolved should be avoided.

    Dealing with these logistics should only occur if the cases are irreconcilable. We have four months to know which cases, if any, need to be tried, and I would prefer to put my efforts into resolving the cases. I have been requesting defense counsel to resume our negotiations. Although I understand they are willing to negotiate further, I have not been provided a time or place when they will resume. I feel that with the court mandating discussions sooner than later, it may eliminate a lot of unnecessary work the parties must do in the next 6 weeks, such as preparing or defending against motions *in limine* and preparing pre-trial order(s).

    Thank you for your continued attention to this matter.

Respectfully yours,

HOFMANN & SCHWEITZER

By: _____
Paul T. Hofmann

PTH/mr

c: All Counsel via ECF