UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In the Matter of the Complaint<br><br>of<br><br>ENERGETIC TANK, INC., as Owner of the M/V ALNIC MC, for Exoneration from or Limitation of Liability | Case No. 18-CV-1359 (LAP) |

**PETITIONER ENERGETIC TANK, INC.'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION IN LIMINE NO. 1
(PERSONAL INJURY AND WRONGFUL DEATH CLAIMANTS)**

**TABLE OF CONTENTS**

Introduction ..................................................................................................................................... 1

Relevant Background ..................................................................................................................... 3

    I.       The Court Bifurcates the Case and Limits Phase I to Liability ........................................ 3

    II.      Singapore Law and Damages .......................................................................................... 4

Argument ........................................................................................................................................ 6

    I.       Evidence Related to Liability for the Collision Is Irrelevant and Should Be Excluded Under Both Rules 402 and 403 ................................................................................................. 7

           A.     Evidence and Testimony About Liability Are Irrelevant in Phase II ................... 7

           B.     Liability Evidence and Testimony Should Be Excluded to Avoid Relitigating Liability, Undue Prejudice, Juror Confusion, and Wasting Time ....................... 9

           C.     The Court Alone Should Inform Jurors that Liability Has Been Determined and Apportioned ................................................................................................. 11

    II.      The Court Should Bar Claimants' Counsel From Making Statements that the Jury Should "Send a Message" About Petitioner's Conduct .................................................. 11

Conclusion ................................................................................................................................... 15

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Bohack Corp. v. Iowa Beef Processors, Inc.*,
   715 F.2d 703 (2d Cir. 1983)................................................................................................6

*Doe v. Lima*,
   2020 WL 4731418 (S.D.N.Y. Aug. 14, 2020)......................................................7, 9, 10, 15

*In re: Ethiopian Airlines Flight ET 302 Crash*,
   slip op. 4, No. 1:19-CV-02170 (N.D. Ill. June 14, 2022), ECF No. 1325 .................................7

*In re Fairfield Sentry Ltd.*,
   627 B.R. 546 (S.D.N.Y. 2021)..............................................................................................8

*Guidi v. Inter-Cont'l Hotels Corp.*,
   2003 WL 1846864 (S.D.N.Y. Apr. 8, 2003).........................................................................9

*Hart v. RCI Hosp. Holding, Inc.*,
   90 F. Supp. 3d 250 (S.D.N.Y. 2015)..............................................................................1, 11

*Henry v. Wyeth Pharms., Inc.*,
   616 F.3d 134 (2d Cir. 2010)..................................................................................................6

*KD v. Chief Constable of Hampshire*
   [2005] EWHC 2550 (QG)..................................................................................................13

*Koh Sin Chong Freddie v. Chan Cheng Wah Bernard and
   others and another appeal* [2013] SGCA 46....................................................................12

*L-3 Commc'ns Corp. v. OSI Sys., Inc.*,
   2006 WL 988143 (S.D.N.Y. Apr. 13, 2006).......................................................................11

*Li Siu Lun v. Looi Kok Poh and
   another* [2015] 4 SLR 667 ..................................................................................12, 13, 14

*In re Mirena IUS Levonorgestrel Related Prods. Liab. Litig. (No. II)*,
   341 F. Supp. 3d 213 (S.D.N.Y. 2018), *aff'd*, 982 F.3d 113 (2d Cir. 2020) ...........................14

*Pescatore v. Pan Am. World Airways, Inc.*,
   97 F.3d 1 (2d Cir. 1996).........................................................................................7, 8, 9, 10

*Rahman v. Lee*,
   2024 WL 4043697 (S.D.N.Y. Sept. 4, 2024) (Preska, J.)......................................................6

*Santoro v. Signature Const., Inc.*,
    2002 WL 31059292 (S.D.N.Y. Sept. 16, 2002)..........................................................................11

*Sarkees v. E.I. Dupont De Nemours & Co.*,
    15 F.4th 584 (2d Cir. 2021) ...............................................................................................6

*Tan Harry and Another v. Teo Chee Yeow Aloysius and Another*
    [2003] SGHC 275 ..............................................................................................................12

**Other Authorities**

Christian Witting, STREET ON TORTS (16th ed. 2021) ...................................................................13

Fed. R. Evid. 401 ..............................................................................................................................6

Fed. R. Evid. 402 ...........................................................................................................1, 6, 14, 15

Fed. R. Evid. 403 ................................................................................................................ *passim*

Fed. R. Evid. 702 ..............................................................................................................................7

## INTRODUCTION

Petitioner Energetic Tank, Inc. ("Petitioner") moves to exclude all evidence and testimony related to liability for the collision between the M/V ALNIC MC and the U.S.S. JOHN S. MCCAIN. This includes evidence and testimony from the Phase I liability trial, evidence and testimony about the ALNIC'S crew's conduct before and after the collision, evidence and testimony about the ALNIC'S owner and operator's conduct and knowledge related to the vessel and its crew, and evidence and testimony about false logbook entries and the Court's Phase I findings about the veracity of the ALNIC crew's testimony. These categories of evidence and testimony are categorically irrelevant in Phase II, which is limited to damages, and should therefore be excluded under Federal Rule of Evidence 402. The evidence should also be excluded under Federal Rule of Evidence 403 because it is unfairly prejudicial, a waste of time, and likely to confuse or mislead the trier of fact. The only information the jury receives about Phase I and liability should come from the Court in the form of an instruction explaining that liability was previously determined and fault was allocated between the U.S. Navy and Petitioner in the amounts of 80% and 20%, respectively. *See Hart v. RCI Hosp. Holding, Inc.*, 90 F. Supp. 3d 250, 265 (S.D.N.Y. 2015).

This motion flows directly from the Court's 2019 order bifurcating trial into separate liability and damages phases. Dkt. 240 at 2-3. In Phase I, the Court determined liability for the collision, apportioned 80% fault to the MCCAIN and 20% to the ALNIC, and declined to limit Petitioner's liability. Dkt. 385 at 2-3. Phase II trials will in turn determine damages for the claimants' personal injury and wrongful death claims. *See* Dkt. 240 at 2-3; Dkt. 602 at 3. Like the liability phase, substantive Singapore law will apply in Phase II to determine the Claimants' damages. Dkt. 247 at 14.

Notably, when the Court entered its order bifurcating liability and damages, it expressly recognized that trying the issues together "would make the first phase of trial unwieldy and

complex." Dkt. 240 at 2; *see* Dkt. 230. Now that it is time for Phase II damages trials, the same reasoning applies and requires excluding evidence and testimony on liability for the following reasons.

First, evidence and testimony on liability is legally irrelevant in Phase II damages trials. Simply put, the causes of and responsibility for the collision between the U.S.S. JOHN MCCAIN and the ALNIC have no bearing on the quantum of damages to which Claimants are entitled, which is limited under Singapore law to Personal Injury Claimants' actual pecuniary losses and pain and suffering, Decedents' pain and suffering, and Wrongful Death Claimants' financial loss. Although Claimants have suggested that liability evidence is relevant to their ability to recover aggravated damages, Singapore law squarely precludes such damages in cases like this one. As explained in Petitioner's motion for partial summary judgment, and as even Claimants' own Singapore law expert admits, Singapore courts do not now, and never have, allowed awards of aggravated damages in negligence cases. And insofar as Claimants may argue that liability evidence is relevant to punitive damages, no Singapore court has ever awarded punitive damages to a decedent's dependents, and Claimants' Singapore law expert agrees (1) that punitive damages are statutorily unrecoverable by a decedent's estate, and (2) that Singapore courts have never awarded punitive damages for negligence sounding in personal injury. Therefore, if the Court grants Petitioner's partial summary judgment motion on Claimants' requests for punitive and aggravated damages, it follows that testimony and evidence on liability will be irrelevant.

Likewise, if the Court grants Petitioner's partial summary judgment motion on punitive and aggravated damages, then testimony and evidence on liability is also inadmissible under Rule 403. Claimants' use of liability evidence and testimony will waste time and confuse jurors, and is unfairly prejudicial. Indeed, given the limited scope of Phase II, testimony or evidence about the

2

conduct of the ALNIC'S crew, what the ALNIC'S owners knew about the crew and their training, or the post-collision conduct of the crew will inspire jurors to award damages based on passion and prejudice, rather than the evidence about Claimants' actual injuries and pecuniary and other compensable losses. What is more, once Claimants use liability evidence or testimony to bolster their case, Petitioner will have no choice other than to mount a complete defense on liability. The end result is that Phase II will be transformed into a complete redo of Phase I. Thus, if the Court grants Petitioner's partial summary judgment motion on punitive and aggravated damages, it should also enter an order that precludes introduction of any evidence or testimony on liability and the Court instead should instruct the jury about the fact that liability has been determined and its relative apportionment to the U.S. Government and Petitioner.

Alternatively, in the event it denies Petitioner's partial motion for summary judgment, the Court should preclude any comments or statements by Claimants' counsel that the jury should use aggravated damages to "send a message" about Petitioner's conduct. Because aggravated damages are available under Singapore law only to provide additional compensation, and not to punish, there is no basis for the jury to use an award of aggravated damages to "send a message." Furthermore, such statements would be prejudicial to Petitioner under Rule 403.

## RELEVANT BACKGROUND

### I. The Court Bifurcates the Case and Limits Phase I to Liability

In 2019, the Court bifurcated trial into separate liability and damages phases. Dkt. 240 at 2-3. In Phase I, following a bench trial on liability, the Court determined liability for the collision and allocated 80% fault to the MCCAIN and 20% to the ALNIC. *See* Dkt. 385 at 2-3. In Phase II, the Court will resolve the claims of the MCCAIN sailors who allegedly suffered injuries or died as a result of the collision. Dkt. 240 at 2-3; Dkt. 602 at 3; *see* Dkts. 501, 580. Like Phase I, Phase II will be governed by Singapore law. Dkt. 247 at 1; *see* Dkt. 267. In adopting Petitioner's bifurcation

3

proposal, the Court considered and rejected the Wrongful Death Claimants' suggestion to combine their damages claims with the Phase I liability proceedings because "[i]t would make the first phase of trial unwieldy and complex." Dkt. 240 at 2; *see* Dkt. 230. Similarly, the Court recognized that all "Parties *agree[d]* that the personal injury claims should be bifurcated and tried *after* the liability and limitation of liability issues are resolved." Dkt. 240 at 2 (emphasis added).

After the Phase I liability trial, the Court established the structure of the Phase II trial. Dkt. 501. The Phase II proceedings will resolve Claimants' claims through bellwether trials, each of which will consist of three personal injury claims or three wrongful death claims. Dkt. 579 at 2.[1] Notably, the Court emphasized that liability issues would not be rehashed in the Phase II proceedings, and that the parties were limited to "litigating the issue of liability [for the collision] only *once*—as the Court did here in Phase I." Dkt. 501 at 7 (emphasis added).

## II. Singapore Law and Damages

The Court has previously confirmed that substantive Singapore law governs damages. Dkt. 247; see Dkt. 267. Under substantive Singapore law, Claimants are generally entitled to the following categories of damages. First, Personal Injury Claimants are entitled to recover (1) pecuniary losses, such as loss of future earnings, future medical expenses, and future cost of care; (2) non-pecuniary losses such as pain and suffering; and (3) monetary losses actually incurred or suffered. *See* Dkt. 582-7, Dorcas Quek Anderson, *Opinion on Determination of Damages for Personal Injury Tort Claims in Singapore* ¶ 9. Second, Decedents' estates, via Wrongful Death Claimants, are entitled to recover on behalf of Decedents, including for pain and suffering. *Id.* ¶ 49. Third, Wrongful Death Claimants themselves are entitled to recover a statutorily fixed sum

---

[1] The personal injury bellwether trial is set to begin March 10, 2025, and the first bellwether trial on the wrongful death claims is set for June 2, 2025 (collectively, "2025 Bellwether Trials"). Dkt. 580 at 2.

of SGD 15,000 for bereavement, divided among proper dependents, and a sum for loss of financial support for dependents. *Id.* ¶¶ 51-52. Claims for loss of consortium beyond the statutory provision of SGD 15,000, however, are disallowed; so, Wrongful Death Claimants may not recover for their *own* pain and suffering. *Id.* ¶¶ 54-55.

Claimants' Singapore law expert, Dr. Christian Witting, however, says that so-called "aggravated damages" are also available under Singapore law. *See* Christian Witting, Mem. Advice, *Law of Damages in Singapore Applicable to Cases of Death* ("Witting Mem.") ¶¶ 22-29, Ex. 1 to Odell Decl. Dr. Witting states that such damages can be awarded where "[e]xceptional or contumelious conduct" merits it, and that these damages serve a punitive function and "send a message." *Id.* ¶¶ 24, 27. Dr. Witting suggests aggravated damages can be awarded based on the following categories of evidence from Phase I: (i) Petitioner's "failures to abide by proper norms of navigation safety"; (ii) the pre-collision audit findings of the ALNIC and Petitioner's failure to implement remedial measures, which "indicates a *pattern* of departures from safety requirements"; and (iii) post-collision conduct, including false log entries and statements by the ALNIC'S crew that were designed to "cover up the pre-crash decisions." *Id.* ¶ 28; Appendix.

However, despite stating in his report that aggravated damages "are likely available," Dr. Witting admitted in his deposition that they have *never* been awarded under Singapore law in a negligence case. Dkt. 584-3, Tr. Witting 156:9-15 ("Q: [Y]ou will agree that every Singapore court to have considered the issue has declined to decide whether aggravated damages can be awarded in a negligence claim, true?" A: "Yes."), Dr. Witting also confirmed that his report cites no Singapore cases that awarded aggravated damages in a negligence case, *id.* at 158:24-159:4 ("Q: In none of the cases cited in paragraph 24 of your report did the court award aggravated damages in a negligence claim, correct?" A: "That's correct."); and that he is unaware of any

5

Singapore court that has done so, *id.* 154:15-19 (Q: "Are you aware of any reported decision from a Singapore court awarding aggravating damages in a negligence case?" A: "So the answer is no[.]"). And as Petitioner explains in its partial summary judgment motion, aggravated damages and punitive damages are unavailable in this case for several additional reasons. *See* Petitioner Energetic Tank, Inc.'s Mem. Law in Support Partial Summary J. on Punitive & Aggravated Damages.

**ARGUMENT**

Evidence must be relevant to be admissible at trial. *See* Fed. R. Evid. 401, 402. Evidence is relevant if it has a "tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. Irrelevant evidence is not admissible. Fed. R. Evid. 402. Exclusion of relevant evidence is warranted where "its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Rule 403 provides courts with "broad discretion to exclude even relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice or confusion of the issues." *Bohack Corp. v. Iowa Beef Processors, Inc.*, 715 F.2d 703, 709 (2d Cir. 1983) (citation omitted); *see Rahman v. Lee*, 2024 WL 4043697, at *1 (S.D.N.Y. Sept. 4, 2024) (Preska, J.) (same). "'Unfair prejudice' is that which might dispose a jury to render a verdict for reasons unrelated to the merits of the case." *Henry v. Wyeth Pharms., Inc.*, 616 F.3d 134, 150 (2d Cir. 2010) (citation and internal quotation marks omitted).

Singapore law governs the substantive law applicable to Claimants' entitlement to recover damages for alleged personal injuries and deaths allegedly sustained in the collision, for which Petitioner and the U.S. Navy have already been found liable. *See Sarkees v. E.I. Dupont De Nemours & Co.*, 15 F.4th 584, 589 (2d Cir. 2021) (reversing lower court holding that expert

6

testimony was "insufficient" under state law to show causation because while state law governed sufficiency, Rule 702 governed admissibility). Singapore law therefore determines the *relevance* of evidence in the Phase II proceedings. *Admissibility* of evidence, however, is governed by U.S. federal law, including the Federal Rules of Evidence and Federal Rules of Civil Procedure. *See id.*

## I.  EVIDENCE RELATED TO LIABILITY FOR THE COLLISION IS IRRELEVANT AND SHOULD BE EXCLUDED UNDER BOTH RULES 402 AND 403

The Court should bar Claimants from introducing any evidence or testimony about liability in Phase II because it is irrelevant, unfairly prejudicial, and will waste time and confuse jurors. Instead, information about liability should be provided to the jury by the Court and should be limited to the basic facts that liability has been determined and apportioned 80%-20% between the U.S. Government and Petitioner.

### A.  Evidence and Testimony About Liability Are Irrelevant in Phase II

Courts in the Second Circuit and elsewhere agree that in damages-only trials, "evidence showing the extent of the plaintiff's loss is relevant, while evidence characterizing the misconduct of the defendant is not." *See, e.g.*, *Pescatore v. Pan Am. World Airways, Inc.*, 97 F.3d 1, 16 (2d Cir. 1996) (finding that where trial was limited to "the issue of compensatory damages," lower court erred in admitting evidence of liability for accident because it was not at issue and thus irrelevant); *In re: Ethiopian Airlines Flight ET 302 Crash*, slip op. 4, No. 1:19-CV-02170 (N.D. Ill. June 14, 2022), ECF No. 1325 ("Allowing a jury to hear evidence of liability that serves no useful purpose in assessing what amount of compensatory damages to award would needlessly risk prejudice to [defendant] by potentially inducing the jury to rest its verdict on improper punitive considerations."), Ex. 2 to Odell Decl.; *see also Doe v. Lima*, 2020 WL 4731418, at *4 (S.D.N.Y. Aug. 14, 2020) (excluding witnesses' testimony that went "exclusively to liability, not damages" in a damages-only trial after liability had been determined).

7

Under Singapore law, Claimants are entitled to recover for actual pecuniary losses and, in some instances, for pain and suffering. But liability evidence, including evidence and testimony about the ALNIC'S crew's conduct, as well as evidence and testimony about Petitioner's conduct before, during, or after the collision, is not relevant to the nature or extent of compensatory or general damages recoverable under the Claimants' negligence claims.[2] *Pescatore*, 97 F.3d at 16. As the Second Circuit explained in *Pescatore*, after a defendant is found liable in bifurcated proceedings, evidence of the defendant's liability is not relevant in in the damages phase. *Id.* As in *Pescatore*, Petitioner's conduct is not at issue in Phase II and so evidence of such conduct, including evidence from the Phase I liability trial, is irrelevant and should be excluded from trial. Indeed, as Claimants' counsel already represented to the Court, the Phase II proceedings will be "fairly quick trials . . . *because liability has already been determined*." Dkt. 565 at 20:6-12 (emphasis added) (Cory Itkin of Arnold & Itkin: "For context, I suspect the wrongful death cases will be fairly quick trials, right, because liability has already been determined.").

All that remains is the possibility that Claimants will attempt to use evidence and testimony about liability to buttress a claim for punitive or aggravated damages. Claimant has the burden of establishing that these damages apply. *See In re Fairfield Sentry Ltd.*, 627 B.R. 546, 556 (S.D.N.Y. 2021) ("the party claiming foreign law applies carries the burden of raising the issue that foreign law may apply in an action and the burden of proving foreign law to enable the . . . court to apply it in a particular case"). As explained in Petitioner's motion for partial summary judgment on punitive and aggravated damages, Singapore law does not in fact permit recovery for punitive or

---

[2] The ALNIC'S crew's post-collision conduct is irrelevant for the additional reason that such conduct could not have contributed to Claimants' alleged injuries. *See, e.g.*, *Dallas v. Goldberg*, 143 F. Supp. 2d 312, 321 (S.D.N.Y. 2001) ("That damages are recoverable on account of actions or events presupposes that they stem from wrongful conduct.").

8

aggravated damages in cases of negligence. Further, no Singapore court has ever awarded punitive damages under a wrongful death dependency claim. And Dr. Witting, Claimants' Singapore law expert, confirms that no Singapore court has *ever* awarded aggravated damages under these circumstances or awarded punitive damages for negligence sounding in personal injury, and that aggravated damages are not recoverable for wrongful death estate claims. *See* Tr. Witting 153:22-154:3, 154:15-19, 156:9-15, 157:10-21, 158:24-159:4, 159:5-10.

### B. Liability Evidence and Testimony Should Be Excluded to Avoid Relitigating Liability, Undue Prejudice, Juror Confusion, and Wasting Time

Because liability evidence and testimony is irrelevant to the issues to be tried in Phase II, its admission would be unfairly prejudicial to Petitioner, would waste the jury's time, and would serve only to confuse, mislead, and inflame the jury. *See, e.g.*, *Doe*, 2020 WL 4731418, at *4; *see also Pescatore*, 97 F.3d at 16-17. If the Court grants Petitioner's partial summary judgment motion on punitive and aggravated damages, then this liability evidence and testimony should be excluded under Rule 403.

*First*, because liability for the collision was resolved in Phase I, introducing such evidence in the damages phase would create a side show that will turn the damages trials into complete replays of Phase I. If Claimants were permitted to introduce evidence of liability for the collision in the Phase II proceedings, Petitioner would have to offer its own counter-evidence—including fact and expert witness testimony, documents, etc.—demonstrating the comparatively minor role its conduct played in causing the collision. The resulting retrial of liability issues would confuse and overwhelm the jury, and would certainly distract them from the damages claims. *See* Dkt. 240 at 2; *see also Guidi v. Inter-Cont'l Hotels Corp.*, 2003 WL 1846864, at *2 (S.D.N.Y. Apr. 8, 2003) (Preska, J.). It was expressly for this reason that the Court previously held that liability for the collision would be litigated "only once." Dkt. 501 at 7. Intermingling questions of liability and

9

damages would likewise make the Phase II trials unwieldy and complicated—a consequence that this Court purposely sought to avoid in bifurcating the liability and damages phases of this case. *See* Dkt. 240 at 2-3. Moreover, judicial time and resources would necessarily be wasted relitigating the question of liability for the collision, despite the issue having *nothing* to do with the question of any Claimant's entitlement to damages. *See Pescatore*, 97 F.3d at 16.

*Second*, because it is irrelevant to any issue in dispute, the only purpose for offering liability evidence in Phase II proceedings would be to inflame the jury and prejudice the Petitioner. *See* Fed. R. Evid. 403; *see, e.g.*, *Doe*, 2020 WL 4731418, at *4 (excluding evidence because its inclusion would be unduly prejudicial). This it would certainly do. Introducing testimony and evidence about the ALNIC'S crew's conduct or Petitioner's oversight of the ALNIC will accomplish nothing except to inflame the jurors' passions in the course of their assessment of damages. The best evidence for this comes from Dr. Witting, Claimants' Singapore law expert. He explains that evidence and testimony about liability from Phase I is relevant to aggravated damages, which he explains are designed to serve a punitive function and can be used to "send a message" about Petitioner's conduct. Witting Mem. ¶ 27. Dr. Witting is wrong about the availability of aggravated damages and that they are available to punish and send a message, but he is undoubtedly correct that admitting the evidence and testimony from Phase I that he highlights in his report and using it in Phase II would serve only a punitive purpose, rather than just compensating Claimants for their actual, proven losses.

For these reasons, liability-related evidence should be excluded from Phase II to avoid unfair prejudice to Petitioner, juror confusion, and wasting time. *See* Fed. R. Evid. 403.

### C. The Court Alone Should Inform Jurors that Liability Has Been Determined and Apportioned

Because liability for the collision has already been determined, the Court should control and limit the information presented to the trier of fact about the Phase I liability verdict and the allocation of fault for the collision. *See, e.g.*, *Hart*, 90 F. Supp. at 265 (where court had made multiple liability rulings, it would explain those rulings clearly to jury and put in context for them the discrete issues left for them to decide); *L-3 Commc'ns Corp. v. OSI Sys., Inc.*, 2006 WL 988143, at *11-12 (S.D.N.Y. Apr. 13, 2006) (question of fiduciary relationship having already been established, court to instruct jury as to ruling and defendant precluded from discussing at trial); *Santoro v. Signature Const., Inc.*, 2002 WL 31059292, at *3 (S.D.N.Y. Sept. 16, 2002) (where liability and causation already established, court to instruct jury that plaintiff was injured by falling from a ladder and that defendant is liable for the injuries caused by the fall).

The Court is in the best position to provide information to fact finders about the Phase I liability verdict and allocation of fault. The information the Court should provide to jurors—whether in its instructions to the jury before voir dire, the jury charge, jury instructions, or at other intervals that the Court deems appropriate—might include the fact that liability has already been determined and fault apportioned between the U.S. Government and Petitioner at 80% and 20%, respectively. This information, and only this information, is all that jurors need to understand the context for their deliberations on damages, while avoiding all of the relevance and Rule 403 issues that will otherwise arise if Claimants are allowed to introduce liability evidence and testimony in Phase II trials.

### II. THE COURT SHOULD BAR CLAIMANTS' COUNSEL FROM MAKING STATEMENTS THAT THE JURY SHOULD "SEND A MESSAGE" ABOUT PETITIONER'S CONDUCT

If the Court denies Petitioner's partial summary judgment motion on punitive and

11

aggravated damages, it should nonetheless enter an order barring Claimants' counsel from asking the jury to "send a message" about Petitioner's conduct through its award of aggravated damages. Because of the limited role aggravated damages play under Singapore law, there is no basis on which the jury should be permitted to "send a message" and, therefore, statements to this effect are irrelevant and unfairly prejudicial.

Claimants' counsel may attempt to ask the jury to "send a message" on two grounds. The first is their request for punitive damages and scattershot allegations as to Petitioner's pre-collision conduct. Dkt. 72 ¶ 15; Dkt. 74 ¶ 14; Dkt. 76 ¶ 15; Dkt. 77 ¶ 15; Dkt. 78 ¶ 14; Dkt. 79 ¶ 15; Dkt. 176 ¶ 14. The second is the unfounded opinion of their Singapore law expert that aggravated damages under Singapore law "serve several functions which go beyond mere compensation to include a punitive element" and that "one of the functions of aggravated damages is to 'send a message' and to influence societal behaviour." Witting Mem. ¶ 27.

As discussed above and in Petitioner's motion for partial summary judgment, punitive and aggravated damages are categorically unavailable here as a matter of Singapore law. *Supra* pp. 8-9. Furthermore, Dr. Witting's statement in his opinion is directly contrary to Singapore and English cases, including cases he cites in his opinion, as well as his own academic writings. Contrary to the statement in his report that effectively equates aggravated damages with punitive damages under U.S. law, Singapore law views aggravated damages as serving a purely "compensatory role" and as "'parasitic' on compensatory damages." *Koh Sin Chong Freddie v. Chan Cheng Wah Bernard and others and another appeal* [2013] SGCA 46 at [75], Ex. 3 to Odell Decl.; *Li Siu Lun v. Looi Kok Poh and another* [2015] 4 SLR 667 at [156], Ex. 4 to Odell Decl.; *see also Tan Harry and Another v. Teo Chee Yeow Aloysius and Another* [2003] SGHC 275 at [83], Ex. 5 to Odell Decl. To this end, aggravated damages are available only if "general damages are proved

12

and [] the adequacy of the amount of damages calls for augmentation of the general damages." *Li Siu Lun* [2015] 4 SLR at [156]. Singapore law thus directly contradicts Dr. Witting's suggestion that aggravated damages also serve a punitive function: to "send a message" here would constitute an improper backdoor request for punitive damages on an estate claim that is disallowed for reasons explained in Petitioner's motion for partial summary judgment on punitive and aggravated damages.

Moreover, in his academic work outside of this case, Dr. Witting similarly recognizes that aggravated damages do not serve a punitive function. Dr. Witting notes in his treatise that "[m]ost scholars consider aggravated damages to be a form of compensation" and that "[t]here is support in the case law for the view that they are compensatory." Christian Witting, STREET ON TORTS 665 (16th ed. 2021), Ex. 6 to Odell Decl. Then, citing *KD v. Chief Constable of Hampshire* [2005] EWHC 2550 (QG), [186], the same case Dr. Witting refers to in his report to suggest that aggravated damages have a punitive component, Witting Mem. ¶ 27, Dr. Witting states in his treatise as follows:

> [T]here is support also for the idea that [aggravated damages] serve a punitive function (in that the courts often will seem to be attending to the deliberate, arrogant conduct of the defendant.). Yet, even in such cases, it appears incorrect to regard aggravated damages as a form of punishment. It is simply by highlighting conduct of this kind that we can see beyond the tangible injury to the claimant and identify, further, an infringement of their dignity. So, for example, even though the level of physical injury might be the same in both cases, there is a very real difference between having one's toes trodden on by mistake, and having them stamped upon deliberately. The affront that accompanies the stamping is what aggravated damages addresses.

Witting, *supra*, at 665 (emphasis added). In other words, Dr. Witting adopts diametrically opposed conclusions from the exact same case in his report and in his treatise. Because the opinion Dr. Witting expressed in his academic treatise is consistent with the same reasoning the Singapore courts adopted in *Li Siu Lun*, the Court should disregard the otherwise unsubstantiated and

13

unexplained conclusion Dr. Witting offered in his made-for-litigation report. *See In re Mirena IUS Levonorgestrel Related Prods. Liab. Litig. (No. II)*, 341 F. Supp. 3d 213, 279-89 (S.D.N.Y. 2018), *aff'd*, 982 F.3d 113 (2d Cir. 2020) (excluding as unreliable opinions of expert because, among other reasons, his conclusions in the litigation were undermined by his prior academic work).

Because Dr. Witting's view that aggravated damages can be used to "'send a message' and to influence future societal behaviour" rests on his unsubstantiated assertion that aggravated damages have a punitive function, it follows that there is no basis in Singapore law for using aggravated damages to "send a message." Witting Mem. ¶ 27. Indeed, Dr. Witting cites no Singapore law cases that use aggravated damages to "send a message" or "influence future societal behaviour"; to the contrary, Singapore law holds that aggravated damages must be proportional to general damages. *Li Siu Lun* [2015] 4 SLR at [159], [161]. And, the principle of proportionality is also directly contrary to Dr. Witting's unsubstantiated and unsupported assertion that aggravated damages should be "substantial in nature." Witting Mem. ¶ 27. Instead, "even where [they] are appropriate, the total figure for . . . aggravated damages should not exceed fair compensation for the injury suffered." *Li Siu Lun* [2015] 4 SLR at [162] (reversing award of aggravated damages 24 times greater than general damages because there was "no semblance of proportionality" and no assessment of the adequacy of the general damages award in the first place).

Given the foregoing, any comments by Claimants' counsel that the jury should "send a message" about Petitioner's conduct is irrelevant and inadmissible under Rules 402 and 403. With respect to relevance, calls to send a message about Petitioner's conduct would not have any tendency to establish the proper quantum of Claimants' compensatory or aggravated damages since it would directly contradict the principle of proportionality and the precept that aggravated damages are "parasitic" under Singapore law and, by Dr. Witting's own account, would rest on

14

the premise that aggravated damages are punitive, which is flat wrong. *See* Fed. R. Evid. 402. Further, even if relevant, a call for the jury to "send a message" is also unfairly prejudicial because it is a direct invitation to abandon proportionality and punish Petitioner. Courts routinely exclude liability evidence from damages-only trials where, as here, evidence of liability would "waste the jury's time, and risk confusing the jury and causing plaintiff unfair prejudice." *See* Fed. R. Evid. 403; *see, e.g.*, *Doe*, 2020 WL 4731418, at *4.

## CONCLUSION

For these reasons, the Court should exclude evidence of liability for the collision, including evidence from the Phase I trial, from the Phase II proceedings; inform jurors that liability has already been determined and apportioned; and bar Claimants' counsel from urging the jury to 'send a message' about Petitioner's conduct.

Dated: December 20, 2024                    Respectfully submitted,

*S/*Christopher M. Odell
Christopher M. Odell
christopher.odell@arnoldporter.com
Amanda S. Thomson
amanda.thomson@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
700 Louisiana Street, Suite 4000
Houston, TX 77002
T: (713) 576-2400

Diana Sterk
diana.sterk@arnoldporter.com
James D. Herschlein
james.herschlein@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019
T: (212) 836-8000

David J. Weiner
david.weiner@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP

601 Massachusetts Avenue, NW
Washington, DC 20001
T: (202) 942-5000

Thomas H. Belknap Jr.
thomas.belknap@blankrome.com
Noe S. Hamra
noe.hamra@blankrome.com
Alan M. Weigel
alan.weigel@blankrome.com
BLANK ROME LLP
1271 Avenue of the Americas
New York, NY 10020
T: (212) 885-5000

*Counsel for Petitioner Energetic Tank, Inc., as Owner of the M/V Alnic MC*